LOVE AND CHAPPELL VS. HUGH MCINTYRE — Appeal from Washington County.

The district courts and courts of justices of the peace have concurrent jurisdiction where the amount in controversy is one hundred dollars, exclusive of interest.

There is no constitutional limit to the jurisdiction of justices of the peace. It depends entirely upon legislative enactments.

Under our system of pleading, the answer must set forth all special matter of avoidance of the cause of action. If this be omitted, the testimony of such matter must be excluded.

If an amendment is not asked before the trial is gone into, the judge has no discretion. He has no legal authority then to allow it.

No paper will be considered as filed in a cause, unless the clerk shall have indorsed thereon the day on which it was filed, and sign his name thereto.

This suit was brought on a note of hand for one hundred dollars, given by the appellants to the appellee, guardian of Sarah Jane McIntyre, minor heir of James McIntyre, deceased.

There was a judgment by default, on the 1st day of December, 1846, which was set aside on the 5th of the same month, and the defendants plead a want of a legal service of process, and a general denial of indebtedness. The cause came on for trial on the 22d of December. On the trial, the defendants read their first pleas to the jury, and offered to read another plea of special matter in avoidance of their note, to wit: that it was given for the purchase of property that did not belong to the guardian, but belonged to the vacant succession of James McIntyre, whose estate had never been settled, and no distribution made. This plea had been handed to the clerk three days before trial. It had not been filed by the clerk, nor his name indorsed on it; nor was there any application to the court, prior to going into the trial, for leave to file the additional plea. The plea was rejected, and the plea in abatement does not appear to have been relied on, as it was not sworn to; and, from the return, the process seems to have been regularly served. The parties went to trial, on the general denial of indebtedness, and there was a verdict and judgment for the plaintiff.

On the trial, the appellants offered to give in evidence the

special matter set forth in the rejected plea, but the court refused to receive the evidence; to which refusal the appellants excepted. The appellants moved the court for a new trial; which motion was overruled, and an appeal taken.

GILLESPIE for appellants.

WEBB for appellee.

Mr. Justice LIPSCOMB, after stating the case, delivered the opinion of the court as follows:

The first ground on which this court is asked to reverse the judgment is, that the court below had no jurisdiction, as the note sued on was within the jurisdiction of a justice of the peace.

The act of our legislature organizing the district court, and defining its powers and jurisdiction, in the latter part of the 2d section, reads as follows: "Also, of all suits for the recovery of land, of all cases of divorce and alimony, and all suits, complaints and pleas whatever, without regard to any distinction whatever, between law and equity, when the matter in controversy shall be valued at, or amount to, one hundred dollars or more, exclusive of interest," etc. [Laws State of Texas, 1 vol. p. 201.]

The 13th section of the act to organize justices' courts, and to define the powers and jurisdiction of the same, is in the following words, i. e.: "That justices of the peace shall have jurisdiction over all suits and actions for the recovery of money on any account, bill, bond, promissory note, or other written instrument, or for specific articles, where the amount or value does not exceed one hundred dollars, exclusive of the interest, costs and damages." [1 Vol. Laws State of Texas, p. 302.]

It will be seen by the above citations, that both the d'strict court and the justice's court can exercise jurisdiction for the sum sued for in this case. To neither is exclusive jurisdiction given, and the plaintiff had a right to select which of the two jurisdictions he would prefer, for the enforcement of his rights. The constitution of our state gives to the district courts jurisdiction, on claims like the present, for all sums not under one

hundred dollars, exclusive of interest. The first act of the legislature, referred to above, is in accordance with the constitution; but this is not given as exclusive jurisdiction, and it is competent for the legislature to confer concurrent jurisdiction on the justices' courts. In giving jurisdiction to justices' courts, the legislature is under no constitutional limitation. The 17th section of the judicial department provides that "justices of the peace shall have such civil and criminal jurisdiction as shall be provided for by law." We are, therefore, of the opinion that the district court had jurisdiction in this case.

On the next point presented by the appellants, we believe that under the plea of non-indebtedness the evidence offered was properly rejected by the court. We need not enquire whether such testimony could have been received under the common law plea of *nil debet*. To receive it under our system would be subversive of all the advantages that we justly claim for our practice of petition and answer. The answer must, undoubtedly, set forth all special matter of avoidance of the cause of action. If this is omitted, the testimony of such matter must be excluded.

The next objection taken by the appellants is to the refusal of the court below to allow them to read to the jury their special answer. In the statement of the case, it will be seen under what circumstances the plea or answer was offered and rejected. To determine the correctness of the decision of the judge, we will refer to the law regulating the time and mode of answering or pleading.

The 29th section of the act to regulate proceedings in the district courts (Laws of State, vol. 1, 371) provides "that the defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause; provided, that he shall file them all at the same time, and in the due order of pleading." The first part of section 34, same act, provides "that the pleadings, in all suits, may be amended under the

direction of the court, and upon such terms as it may ·prescribe, at any time before the parties announce themselves ready for trial, *and not thereafter.*"

The 35th section of the same act reads, "that no paper shall be considered as filed in the proceedings of any cause, unless the clerk shall have indorsed thereon the day on which it was filed, and sign his name thereto."

It will be seen that to have received the defendants' plea, under the circumstances under which it was offered, would have been wholly to disregard all three of the provisions of the law just cited. It was not filed at the time of filing the first. It was not indorsed *filed*, with the date and the signature of the clerk. It was not offered as an amendment, before the parties had gone into the trial. If an amendment is not asked before the trial is gone into, the judge has no discretion: he has no legal authority to allow it to be then done.

The only remaining question is, did the court below err in refusing to grant a new trial?

On a motion for a new trial, so much is often left to the discretion of the judge, that it is often very difficult to determine, on a revision, the correctness of his decision. If, instead of exercising a sound discretion, influenced by a due and proper regard to the rights of the parties, he has only exerted a capricious act of power, his decision ought, most assuredly, to be revised, and the mischief corrected. In the case before us, there is no affidavit of surprise — no reason assigned why the laws, regulating pleadings, had not been complied with. Under such circumstances, we cannot say that the judge was unwise, or capricious, in the refusal to grant a new trial.

The judgment is affirmed.