Ward v. Cobbs.

BENJAMIN WARD v. WILLIAM H. COBBS.

Confinement by sickness, so that a party is unable to attend the trial of his cause, is not sufficient ground for a new trial ; it merely excuses the failure of the party to move for a continuance or new trial in proper time.

Where a new trial is moved on the ground of the absence of witnesses, the names of the witnesses must be stated, and their affidavits must be produced, showing the facts to which they can testify ; or good cause must be shown why such affidavits are not produced.

Error from Harrison.

*J. M. Morphis*, for plaintiff in error.

LIPSCOMB, J. This suit was brought on a note, given by Ward to one Mann. It is not negotiable on its face, and it expresses the consideration for which it was given. It was assigned by Mann to the defendant in error, Cobbs. The maker and assignor were both sued. The maker pleaded a failure of consideration, and in reconvention. There was a demurrer to the answer, which was properly overruled, as there can be no question that the answer set up a good and valid defence against the payment of the note, and facts also sufficient to sustain the plea of reconvention against Mann, if supported by evidence. It appears that none of the matters pleaded were given in evidence on the trial, and there was a judgment against the maker of the note and its assignor, for its amount and interest. A motion for a new trial was made, supported by the affidavit of Ward, which was overruled.

The ground relied on to reverse the judgment is, error in the Court below in overruling the motion for a new trial. The affidavit shows that the appellant was confined to his bed by sickness, and unable to be at Court; that his witnesses had

been duly subpœnaed, by whom affiant believes that he could have proved the matters set forth in his answer; that he is informed that his witness did not attend.

We have been referred by the appellant's counsel to the case of Spencer v. Kinnard, (12 Tex. R. 180,) as conclusive in his favor. We will point out what we regard as materially different, in that case and the one before us. In that case, like this, the defendant was confined to a bed of sickness when the judgment was rendered against him; his witnesses, by whom he believed he could have supported his defence, did not attend; and like this case, the defendant was not able, in consequence of his sickness and absence, to ask a continuance of the case; but in that case, unlike this, the petition was supported by the affidavits of seven witnesses, made exhibits to the petition for a new trial in equity, swearing to facts that would have fully sustained the defence. In this, the names of the witnesses are not given, nor their affidavits of what could have been proved. The motion for a new trial in this case ought to have been supported by an affidavit giving the names of the witnesses, and their affidavits should have been exhibited, of the facts that could have been proved by them; or if, from the distance of their residence, or any other cause, the affidavits could not have been procured, it ought to have been shown by the affidavit of the defendant, in support of his motion for a new trial. Were we permitted to travel out of the record, we would feel strongly inclined to believe that justice has not been done, and that a new trial would give a different result; but we are confined to the record, and the rules regulating the discretion of the Court below on motions for new trials, must be adhered to, else there would be nothing like uniformity of practice in our Courts; and although the affidavit may lessen our confidence in the justice of the judgment, it is not sufficiently certain to authorize a reversal of the judgment; it is therefore affirmed.

Judgment affirmed.