## W. H. BYNE v. F. M. JACKSON.

The statute contemplates, on the first application for a continuance, a case in which diligence has actually been used.

An application for a continuance, which does not come within the strict letter of the statute, is addressed to the sound discretion of the court; and where it is sought for the absence of testimony which the applicant has used no diligence to procure, but seeks to present facts excusing him for not procuring it, he should make oath to the merits of his case, and show to the court that there is a reasonable probability that the testimony can be procured within a reasonable time, which would, ordinarily, be by the next term of the court.

ERROR from Brazoria. Tried below before the Hon. George W. Smith.

This was a suit brought on the 12th day of March, 1859, by Francis M. Jackson against William H. Byne, on a note for $800, due on the 1st day of January, 1859.

At the Fall Term of the court, the defendant pleaded payment of

the note in the year 1859; and, on the calling of the case, moved for a continuance, supported by his affidavit, which stated that he could not go safely to trial for the want of the testimony of John Canagan, a transient person, whose residence is unknown; that the testimony of the witness was material to aid him in making his defence; that he has used due diligence to obtain his testimony, by using every means in his power to ascertain where he could be found, in order that he might take his depositions to be used at that term of the court, or to have procured his personal presence as a witness; that the witness left the State about four months previously, for parts unknown to affiant, and has been absent ever since; that " he left immediately after he came into possession of the facts, which are important to defendant in making his defence;" that he did not have time to have him subpenaed, and was ignorant of his intention to leave until his departure, which was about twenty-four hours after he had come into the possession of the facts aforesaid. Affiant further stated, that he thereafter used every means in his power to ascertain his whereabouts, by enquiry, but caused no subpœna to be issued for him, nor did he propound interrogatories to him, for the reason that he knew not where he was to be found; that "this application for a continuance is not made for delay, but that justice may be done; that he expects to procure said testimony at the next term of this court, as affiant has reason to believe that said Canagan is in Louisiana, and that his business is such in this State that he will probably return in the course of a few months." The motion was refused, and judgment was rendered for the plaintiff for the amount of the note.

*H. B. Waller*, for the plaintiff in error.

*Munson & Lathrop*, for the defendant in error.

BELL, J.—We are of opinion that the court below did not err in overruling the motion to continue the cause. The facts stated in the affidavit filed in support of the motion to continue, did not entitle the party to a continuance as matter of strict right under the statute. The statute, in speaking of a first application for a con-

Byne   v.   Jackson.

tinuance, contemplates a case in which diligence has actually been used. It is true, that where no possible diligence could have accomplished the object of procuring the testimony for want of which the continuance is sought, then the continuance will not be refused because the party applying for it has not used any diligence; but every application for a continuance, which does not come within the strict letter of the statute, is addressed to the sound discretion of the court, and, as in the present case, where the party who asks for a continuance has not used any diligence, but seeks to present to the court facts which excuse him for not using diligence, or, in other words, which excuse him for not having procured the testimony, he should make oath to the merits of his case, and should show to the court that there is a reasonable probability that the testimony can be procured within a reasonable time, which would ordinarily be by the next term of the court.

In this case, the party applying for the continuance does not swear that he has a just defence to the action; nor does he state any facts from which the court could conclude that there was a reasonable probability of procuring the testimony within any reasonable time.

The judgment of the court below is affirmed.

Judgment affirmed.