STEPHEN CHILSON ET UX. *v.* TOLBERT REEVES.

When the requirements of the statute for a continuance appear in the affidavit, for the first and second application, it is not within the discretion of the court to refuse; the continuance will be granted, as a matter of course. (Paschal's Dig., Art. 1509, Note 595.)

But when the affidavit does not follow the statute, (as when it does not show diligence, but alleges an excuse for not using it, or when a party is surprised by the non-attendance of a witness who has been present,) then the application is addressed to the sound discretion of the court, to be granted or not, according to the intrinsic merit of the application.

Where the application rests upon an equitable ground, the affidavit should make a full statement of the facts.

Where a continuance has been properly overruled, yet if, upon the trial and by subsequent affidavits, it be made to appear to the court that the party had a meritorious defense, and had suffered injustice, a new trial ought to be granted. (Paschal's Dig., Art. 1470, Note 566.)

Where a party sued to foreclose a mortgage founded on a vendor's lien, and recovered judgment, and purchased the property at sheriff's sale, and then sued in ejectment to recover possession, it was too late for the defendant to plead that the property was his homestead at the time the judgment of foreclosure was rendered. (Paschal's Dig., Note 198, pp. 65, 66.)

But if the plaintiff purchased the equity of redemption, under an agreement that the defendant should have the property by paying the amount of the bid, this is a trust which may exist in parol. (Paschal's Dig., Art. 3875, (4,) Note 904.)

APPEAL from Burleson. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

Reeves sued Chilson and wife to recover three lots, which had been sold to them under a decree of foreclosure of a mortgage on these same lots, in the town of Caldwell.

The defendants plead the general issue, and also that there had been an agreement, that the plaintiff (who was also plaintiff in the foreclosure suit) should bid off the property for the defendants at sheriff's sale, and that the defendants should not be required to pay the purchase-money until it suited their convenience, or, in other words, that they should have their own time to pay, and that at the sale, he made public his trust, and thereby prevented others from bidding; that he permitted them to remain in possession, and to make valuable improvements, and that the property at the time of the sale was the homestead of the defendants, and not subject to forced sale.

The first point considered by the court was the overruling the defendant's application for a continuance, and "forcing them into trial." The point was saved by bill of exceptions, as required by the regular practice of the court. (Paschal's Dig., Art. 1509, Note 595.)

The affidavits for continuance and the facts in regard to it appear in the statement of facts. The first application stated no diligence, but excused it, by stating that he had only discovered the residence of the witness since the commencement of the term of the court. It did not state what the party expected to prove by the witness; it did not state

the residence of the witness.   This application being over-ruled, the defendant filed a second affidavit, in which he swore to diligence to procure the evidence of another wit-ness; that the witness had been subpœnaed, and was in attendance up to the hour when the case was called, and that the applicant was surprised by his absence.   The affi-davit did not state that the witness was absent without the consent or procurement of the applicant.   He did state, however, that the application was not for delay, but that justice might be done, and that this was his first applica-tion for continuance.   This motion was overruled; the plaintiff proved his title, and the value of the rent.   The defendant proved that the plaintiff had said that he bid the property in for the benefit of the defendants, and did not mean to dispossess them; also, that the property was the homestead of the defendants at the time of the sale, and before the rendition of the judgment on the mort-gage.   There was judgment for the plaintiff for the recov-ery of the property and rents.   The defendants moved for a new trial.   They filed the affidavit of the witness, Ben-son, for whose absence they had moved to continue, who swore that he and another had intended to bid for the prop-erty as high as $1,000 or $1,100, but were persuaded not to bid by the plaintiff, who assured them that he should buy it for the defendant, and not dispossess him.   Another witness swore, that he heard the plaintiff say that he bought the property for Chilson, and that Chilson was to have it for the amount of the bid, $801.

The defendant swore that a part of this evidence was newly discovered.   The defendant appealed, and assigned for error, the overruling of the motion for continuance, the charge of the court, and the overruling of the motion for a new trial.   The charge of the court went further for the defendant than the evidence seemed to warrant.

*C. C. McGinnis*, for appellants.—It was error to overrule

the application for a continuance. Mr. McGinnis cited the facts in the record, and some facts and reasons given by the court below which are not there. He relied upon the following cases: Prewitt v. Everett, 10 Tex., 283; Hipp v. Bissell, 3 Tex., 18; Hipp v. Huchett, 4 Tex., 20.

He insisted that the court erred in refusing the defendant a new trial. (Hagerty's Executors v. Scott and Wife, 10 Tex., 525.)

*Sayles & Bassetts*, for appellees.—It may be urged, that there was no answer under which any evidence for the defendant was admissible. (Titus v. Crittenden, 8 Tex., 139; Claiborne v. Yoeman, 15 Tex., 44; Trammel v. Pilgrim, 20 Tex., 15.) They had plead specially, thereby waiving the plea of not guilty, (Rivers v. Foot, 11 Tex., 662; Ruiz v. Chambers, 15 Tex., 586,) that there was an agreement between the plaintiff and defendants prior to the sale, by which Reeves was to bid in the property for their benefit, giving them a reasonable time within which to pay his judgment. But they did not put themselves in a condition to avail themselves of this agreement, by bringing into court and tendering the amount due. (Hatch v. Garza, 7 Tex., 60; Howard v. North, 5 Tex., 291; Turner v. Smith, 11 Tex., 620.) The charge of the court was altogether too favorable for the defendants, and they have no reason to complain. The third charge asked by the defendants, "that a homestead was not subject to forced sale," was correctly refused, as the liability of this particular property was *res adjudicata*. (Lee v. Kingsbury, 13 Tex., 68, where the very question is decided.) The defendants should have set up the homestead exemption in the previous suit to foreclose. (Weathered v. Mays, 4 Tex., 387; Tadlock v. Eccles, 20 Tex., 782.)

COKE, J.—The first and second assignments of error will be considered together. These allege error in the ruling

of the .court refusing a continuance of the case, first, on the original motion, and afterwards on the amended or additional motion for continuance.

We are of opinion that neither of these assignments is well taken. The first affidavit is manifestly insufficient under the statute prescribing the requisites for the first application, as it fails to show any diligence whatever, or any effort by the appellant to ascertain the residence of the witness, Luby. .

The second affidavit, filed after the first had been overruled, is also insufficient. When the requirements of the statute are met by the terms of the affidavit, for the first and second application for continuance, it is not within the discretion of the court to refuse them. They will be granted as a matter of course. (Hipp v. Bissell, 3 Tex., 10; Prewitt v. Everett, 10 Tex., 283; Paschal's Dig., Art. 1509.) But when the affidavit does not follow the statute, as when it does not show diligence, but alleges an excuse for not using it, or when some other equitable consideration not embraced in the terms of the statute is relied on, or when, as in this case, after a motion for continuance has been overruled, a party is surprised by the unauthorized withdrawal of his witness, who had been up to that time present in obedience to subpœna, then the application is addressed to the sound discretion of the court, to be granted or not, according to the intrinsic merit of the application. In order that this discretion may be properly exercised, the special matter relied on should be especially averred in the affidavit, and if the absence of a witness is the ground relied on, the affidavit should state the facts which it is expected he will prove, and, in addition, should allege that the cause of action or ground of defense relied on in the pleadings is just and meritorious. Anything less than this does not sufficiently inform the court of the merits of the application, to enable it to exercise its discretion intelligently and justly, and is therefore insufficient.

(Byne v. Jackson, Galveston T., March 2, 1860;) [25 Tex., 95.] This second affidavit falls very far short of these requirements. The facts expected to be proved by the witness, Benson, are not stated, nor does the affidavit aver that the defense relied on is a meritorious one.

The fifth assignment alleges error in the refusal of the court to grant a new trial. We are of opinion that this assignment is well taken.

While the motion for continuance was clearly insufficient, and, therefore, properly overruled, it appears very fully from the motion for new trial, and the accompanying affidavits, as well as the testimony on the trial, that the appellants did, in fact, have good grounds for the continuance of the case, if they had been properly presented to the court, and that by reason of having been forced to trial, unprepared, they have suffered injustice. Under such circumstances, it is believed that the former rulings of this court, in similar cases, will at least sanction, if they do not require, the granting of a new trial, for the purpose of attaining the justice of the case. (Young v. Gibson, 2 Tex., 418; Hagerty v. Scott, 10 Tex., 525; Sayles' Prac., § 598.)

It is insisted, by the appellee's counsel, that the answer of the appellants presents no defense, and that, therefore, they have not been injured by being forced into a trial unprepared.

It is true that the answer is unskillfully and inartificially drawn, and would have been bad on special exception; nevertheless, we are of opinion that, if true, (and it must be taken as true in considering its sufficiency,) it does show, though imperfectly, an equity in the appellants, requiring the consideration and protection of the court. The agreement, by the appellee, to bid off the property for the appellants, and the low price at which he obtained it, in consequence of the agreement, places him in the position of a trustee, holding the legal title for the use and benefit of the appellants, subject to be divested by the

payment by them of the money due, and it would be inequitable, and a fraud on the appellants, to permit the appellee to violate his trust, and aid him to recover the property, when, in effect, he only holds a lien upon it to secure the money.

If the appellee, in his petition, had represented the case in the light in which it must be viewed, taking the answer to be true, he certainly would not have been entitled to a recovery of the property, but only to have it sold for the payment of his debt. When the same facts sufficiently appear in the answer admitted (in considering its sufficiency) to be true, we do not perceive that they have less force, or that different legal consequences ensue. The other ground of defense set up in the answer, that the property in controversy was the homestead of the appellants, when the original judgment of foreclosure was rendered, and when the property was sold at sheriff's sale, when the appellee became the purchaser, cannot avail the appellants now. If, as is alleged in the petition in that suit, the vendor's lien existed on the property for the money sued for, the fact that it was the homestead of the appellants would not have exempted it from liability, if the defense had been properly made in that case. Whether such lien did or did not exist, or whether it was the homestead of appellants, as alleged, it is too late now to inquire. The defense, if true in fact, should have been made in the original suit. The judgment in that case concludes that and all other questions that might properly have been litigated in the case. This is well settled on general principles and by repeated adjudications of this court. (Tadlock v. Eccles, 20 Tex., 792; Lee v. Kingsbury, 13 Tex., 68.)

We are of opinion that, under the circumstances of this case, a new trial should have been granted, and that its refusal was error. It is unnecessary to the disposal of the case to consider the other assignments of error. The judgment is reversed, and cause remanded for further proceedings.    REVERSED AND REMANDED.