J. P. ADDINGTON v. G. W. BRYSON.

(No. 2612, Op. Book No. 2, p. —.)

APPEAL from Cooke County.    Opinion by WALKER, R. S., P. J.

§ **1292.** *Continuance; discretion of court in hearing application for.* The direction of and control over the various steps required to be taken in the progress of a trial, except so far as they are regulated by statute or by rules established by the supreme court for the regulation of trials in the inferior courts, are, and of necessity must be, left to the discretion of the court trying the cause.

The exercise of a proper discretion on this subject involves the necessity of the court exacting from litigants before it reasonable diligence and promptitude in doing at the proper time those things which due progress and reasonable dispatch in the disposition of the cause requires. The action of a court in the exercise of this discretion will not be revised by the appellate court unless it is made apparent that the discretion has been abused to the probable injury of the party who complains of such action. Application for a continuance should, as a general rule, be made when the case is called for trial. [Sayles & Bassett's Pl. & Pr. § 574; R. S. 1288.] In this case the application for continuance was not made when the case was called for trial, and the court refused to postpone the case to give time for it to be made, and no facts being shown which made it apparent that the court had abused the discretion confided to it by the law, and it not being made to appear that appellant has suffered injury without fault of his own, it was held that the action of the court complained of would not be revised.

§ 1293. *New trial; motion for, based on action of the court in refusing to grant time to make application for continuance.* It devolved on appellant, on his motion for a new trial, to negative the idea by affidavit that his failure to ask for a continuance under a sworn statement therefor at the proper time was the result of his own fault or neglect, supported by affidavit of the absent witness, if it could be procured, as to the facts he would testify to, or of his own, of such facts as said witness would testify to, if the affidavit of the witness could not be procured in time. [Ward v. Cobbs, 14 Tex. 304; Spencer v. Kinnard, 12 Tex. 180; Chilson v. Reeves, 29 Tex. 280.]

April 18, 1883.                                    Affirmed.