## Heirs of Israel Griffith v. J. M. Eliot.

(Case No. 1537.)

1. PRACTICE. — In trespass to try title parties failed to introduce evidence of their heirship, which was necessary to their recovery, and the court instructed the jury to return a verdict against them. In their motion for new trial on the ground of surprise, it was shown that the evidence of heirship was in court at the time of trial, and its presence was known to the parties before the retirement of the jury. *Held*, that the parties should have applied for permission to reopen the case before the retirement of the jury, the presence of the evidence and its necessity being known, after the charge of the court and before the retirement of the jury; and the judgment of the court below refusing to grant a new trial was sustained.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

Suit in trespass to try title by the heirs of William H. and Margaret W. Harris against J. M. Eliot *et al.*, for the recovery of the John Taylor headright league of land lying in that county.

On the 12th day of October following, Israel Griffith filed an application to be made a party defendant, and setting up title in himself to the land. And on the 15th day of February, 1871, he filed an answer in the shape of a cross-bill or plea in intervention.

Trial and verdict in favor of the defendants. Plaintiff made a motion for a new trial, which was overruled.

The assignment of error was as follows:

"It was error in the court to overrule plaintiffs' motion for a new trial, for the reasons therein set forth, to wit:

First. "Because of the surprise occasioned plaintiffs by the inadvertent omission of their attorney to introduce the evidence of their heirship, which they were ready and prepared to do, *i. e.*, that they are the children, grandchildren and great-grandchildren and heirs at law of Israel Griffith, deceased, when they had proved title in said decedent to the land in controversy."

Second. "Because of newly discovered evidence of A. S. Roberts, a witness who had already testified, but, after the trial, for the first time communicated to plaintiffs' attorney the fact that J. M. Eliot had, in 1865, 1866 or 1867, abandoned his claim to the land in controversy, and communicated that fact to the said A. S. Roberts, as set forth in his affidavit, which accompanies plaintiffs' said motion for a new trial."

*R. D. Coughanour*, for appellants, cited Buford *v.* Bostick, 50 Tex., 371.

*Frost, Barry & Lee*, for appellee.

Stayton, Associate Justice.— The new trial in this cause was asked upon two grounds. On the trial, the appellants, who sued as the heirs of Israel Griffith, neglected to introduce any proof whatever of their heirship, and at request of the appellees the court instructed the jury that without such proof the verdict should be for the appellees, and it is claimed that this operated such a surprise upon the appellants as entitled them to a new trial.

The omission to introduce evidence of heirship, which the motion for new trial shows was on hand and in court at the time the cause was submitted to the jury, seems to have been known to the appellants before the jury retired to consider of their verdict. In such case it would seem that it was the duty of the appellants to ask the court, even in that stage of the case, for permission to reopen the case and introduce the evidence.

Cases may exist in which, to prevent a denial of justice, evidence should be received at any time before the jury have retired. No such application was made in this case, and, knowing that the evidence would not authorize a verdict in their favor, the appellants should have taken a non-suit and then have asked to set it aside, and if the court had refused to do so, its ruling would have been subject to revision here.

In the case of Kilgore v. Jordan, 17 Tex., 346, the parties went to trial, the attorney for the defendant believing that he had in his office a copy of the special laws which he desired to use in evidence in the case, which he afterwards failed to find, and consequently did not introduce, and a new trial was sought upon the ground of surprise. In disposing of that question, Hemphill, C. J., said: "As to the second ground, viz., that of surprise, the defendant, if he really deemed the absence of the acts of the legislature as prejudicial to his defense, should have moved for a continuance, or for a non-suit, with leave to set it aside. It is too late, after taking the chances of a trial, to urge such cause as a ground to reopen the controversy."

The same rule is recognized in Dotson v. Moss, 58 Tex., 152, and in Graham & Waterman on New Trials, 188–190, where cases upon the subject are collected.

The motion for new trial stated that the failure to introduce the desired evidence was not discovered "until the case had gone to the jury under the charge of the court." This does not preclude the idea that the omission was discovered before the jury retired, although after the charge of the court, and in the argument of the case before this court, it was admitted that such was the case.

If the omission had not been known in time to have asked permission to introduce the evidence or to take a non-suit, even then, when no fault of the adverse party is shown, we are not prepared to hold that the court below erred in refusing to grant the new trial, for all parties must use reasonable care and diligence in presenting such evidence as they know to exist, have in their possession, and know is absolutely essential to maintain their action or defense; otherwise there would be no end to litigation. 1 G. & W. on New Trials, 174, 187; King v. Gray, 17 Tex., 72; Gregg v. Bankhead, 22 Tex., 252.

The witness Roberts, on account of whose testimony, alleged to be newly discovered, a new trial was asked, testified, as a witness in the case, to facts so nearly connected with those contained in his affidavit filed, that the judge who tried the cause may have held that due care would have discovered the testimony. If so, even if the testimony was deemed material, the court did not err in refusing

to grant the new trial to enable the appellant to have the benefit of his testimony. Some of the same facts were proved by other witnesses, and if his testimony had been introduced as contained in his affidavit, it is highly probable that it would not have changed the result, even if the plaintiffs' case, in other respects, had been sustained by the evidence.

That the appellees' proof may have been insufficient to show title in Mrs. Eliot, in her own right, cannot affect the case as it now stands.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 16, 1883.]

Associate Justice WEST did not sit in this case.