WESTERN UNION TELEGRAPH COMPANY v. W. B. BROOKS ET AL.

No. 3108.

**Absence of Counsel — Recitals.** — The judgment entry recited: "Cause being called, came the plaintiffs and the defendant by their respective attorneys and both parties announced ready for trial," etc. Motion for new trial was urged upon ground that the defendant had a meritorious defense, and that its counsel were not present from uncontrollable causes. The motion was overruled. *Held:*

1. The recitals that the parties appeared, etc., are not controlled by the affidavit explaining the absence of both members of the firm of lawyers representing the defendant.

2. The recital should have been corrected if erroneous.

3. Absence of counsel, if material, should have been urged as ground for continuance.

4. The refusal of a new trial upon such showing was not error.

APPEAL from Tarrant.    Tried below before Hon. R. E. Beckham.
The opinion states the case.

*A. H. Field,* for appellant.—Where a suit is tried in the absence of an attorney to represent either side, and especially in damage suits where from the very nature of the suit the damage is almost always uncertain, contingent, and remote, and a sufficient excuse is afterwards given to the trial court why the attorney was absent, it is the duty of the court to grant a new trial to the party against whom judgment has been rendered, especially if the party against whom the judgment has been rendered has a defense to said cause of action.

The affidavit shows that the cause herein was tried in the absence of an attorney to represent defendant.    The pleadings herein show that this is a damage suit, and that the damages, if any, are of a very uncertain and contingent nature.    The evidence shows that good and sufficient excuse is given for the absence of both of defendant's attorneys.    The record shows that judgment was rendered against the appellant, and that appellant claims to have a complete and valid defense to plaintiffs' cause of action.

No brief for appellees has reached the Reporter.

GAINES, ASSOCIATE JUSTICE. — The appellees brought this action against the appellant to recover damages for negligently failing to deliver a telegraphic message.    The plaintiffs having recovered a judgment, a motion for a new trial was made and was overruled.    The alleged error of the court in overruling that motion is the sole question presented upon this appeal.    The ground of the motion was the absence of counsel.    The motion, which was supported by affidavit, after stating that the defendant had a good defense to the action, and after setting out its nature, proceeded to allege that the defendant " was prevented from making its defense herein from unavoidable casualty and misfortune.    That its attorneys, Stemmons & Field, who were employed by it to defend this action, were unavoidably prevented from being present on the trial thereof; that John M. Stemmons, who would have attended to the defense in said court, was sick in bed and unable to attend to said suit, and is still sick and now absent from the State and in Mexico seeking to be restored to health; and A. H. Field, the other member of said firm, was in attendance necessarily absent in the District Court of Upshur County, and was unaware of the sickness of said John M. Stemmons until *too* late *to reach* this court in time for the trial thereof."

The inference from the allegations of this motion is that the defendant was not represented at the trial, and that the case was tried ex parte. But the judgment recites that the " cause being called, came the plaintiffs

and the defendant by their respective attorneys, and both parties announced ready for trial," etc.

Viewed in the light of this recital, the motion is manifestly insufficient. The recital shows that the defendant was represented by counsel on the trial of the cause. If it were false it would seem that the proper course would have been for the defendant to have had the entry amended *nunc pro tunc*, so as to make the minutes speak the truth. At all events it should have been distinctly shown in the motion not only that the defendant was not represented on the trial by Messrs. Stemmons & Field, who seem to have been at least the leading counsel in the case, but also that it was not represented at all. From the state of the record we must assume that the defendant appeared by attorney. Under these circumstances, if the presence of one or the other of these gentlemen was necessary to a proper defense of the case, and they were unavoidably absent, that fact should have been set up in a motion for a continuance. Strippelman v. Clark, 11 Texas, 296; Ward v. Cobbs, 14 Texas, 303.

There are other questions presented upon the face of the motion for a new trial, but it is unnecessary to discuss them. The record shows that the defendant was represented upon the trial of the case, and that no effort was made to have the case continued or postponed on account of the absence of the leading counsel.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered October 28, 1890.