### JARESH et al. v. JARESH et al.

No. 11617.

Court of Civil Appeals of Texas. Galveston.

March 1, 1944.

C. L. Stavinoha, of Hallettsville, and Moss & Moss, of La Grange, for appellants.

John C. Marburger, of La Grange, for appellees.

GRAVES, Justice.

This is an interpleader suit in the district court, brought by the administrator of the estate of Mates Jaresh, deceased, in compliance with an order of the probate court of Lavaca County, Texas, so directing him, solely for the purpose of determining whether these appellees, (Edmund Jaresh, Edward Jaresh, and Willie Jaresh), on the one hand, or appellants, (J. J. Jaresh, Theresa Kahanek, and Tom Jaresh), on the other hand are entitled to the estate of Mates Jaresh, deceased. The estate consisted solely of cash in the control and custody of the probate court. The trial court found, from the evidence after a full trial, with all the parties and the sole subject matter under its jurisdiction, that appellees herein, Edmund Jaresh, Edward Jaresh, and Willie Jaresh, are entitled to the entire estate of Mates Jaresh, deceased, share and share alike, and that appellants

are not entitled to anything. The concluding paragraphs of the judgment are as follows:

"It is further ordered, adjudged and decreed that all costs of this suit be adjudged against the said J. J. Jaresh, Theresa Kahanek, Charles Kahanek, and Tom Jaresh, for which let execution issue out of the Probate Court of Lavaca County, Texas, in Cause No. 3569 on the Probate Docket of said Court in the estate of Mates Jaresh, deceased, but that in the meantime, the said A. W. Jaresh, as administrator, pay all costs in this Court out of the Estate of Mates Jaresh, deceased.

"It is further ordered, adjudged and decreed by the Court that all parties, issues, and causes of action and relief prayed for not hereinabove disposed of is now hereby denied and dismissed.

"It is further ordered, adjudged and decreed that this judgment is hereby certified to the County Court of Lavaca County, Texas, in Cause No. 3569 entitled. in the estate of Mates Jaresh, deceased, on the Probate Docket of said Court, for observance, and the Clerk of this Court is ordered to transmit to the Clerk of said Court a certified copy of such judgment."

The evidence shows that appellees, Edmund Jaresh, Edward Jaresh, and Willie Jaresh, are the children and sole heirs at law of Mates Jaresh, deceased; that Mates Jaresh died intestate, on or about the 8th day of January, 1942, in the San Antonio Asylum, where he was confined since his trial for lunacy on the 9th day of January, 1920; that an administration was pending in the county court of Lavaca County, Texas, on his estate, being cause No. 3569 on the probate docket thereof, and that such probate court was ready to close that estate, except for the adverse claims of appellants and appellees to its left-over money; such probate court, therefore, ordered the administrator to file this interpleader suit in order to determine whether appellants or appellees were entitled thereto, there being no other claimants, and all other affairs of the estate having already been administered.

Appellants, who are the children and only heirs at law of their deceased father, L. Jaresh, who was a brother of Mates Jaresh, based their claim to the money on a certain purported instrument, dated the 15th day of December, 1919, that is twenty-four days before January 9, 1920, the date Mates

Jaresh was tried for lunacy; but no such document was ever introduced in evidence. To this declared-upon ground of recovery, appellees pleaded their sworn denial, want of consideration, and failure of consideration, and also fraud.

The court, after hearing the pleadings and evidence, rendered judgment that "the said Edmund Jaresh, Edward Jaresh, and Willie Jaresh are entitled to the entire estate of Mates Jaresh, deceased, share and share alike * * *." And "that other parties in this suit are not entitled to any part of this estate, etc. * * *." And the court otherwise disposed of all other issues involved in this case in the provision:

"It is further ordered, adjudged and decreed by the Court that all parties, issues, and causes of action and relief prayed for not hereinabove disposed of is now hereby denied and dismissed."

Appellants' points on appeal, in substance, are these:

(1) to (4), inclusive: The appealed-from judgment contains no final nor express adjudication of the rights of all the parties thereto, nor a declaration of its consequences to them, nor does it provide for the enforcement of any specified rights of any of them, hence it "is vague, uncertain and is too indefinite to render it effective, even if it does not deprive the judgment of the quality of finality, in that, while it purports to require A. W. Jaresh, administrator, to turn over to Edmund Jaresh, Edward Jaresh, and Willie Jaresh said entire estate of Mates Jaresh, deceased, it does not purport to establish the amount to be paid to Edmund Jaresh, Edward Jaresh, and Willie Jaresh thereunder, or provide any limitation upon the time in which it is to be paid, or any penalty, or any alternative remedy, for Edmund Jaresh, Edward Jaresh, and Willie Jaresh in case A. W. Jaresh, administrator, defaults in the payment of the obligations therein sought to be established against him, in favor of Edmund Jaresh, Edward Jaresh, and Willie Jaresh, and is too indefinite to support enforcement thereof."

(5) "The decree adjudging all costs against J. J. Jaresh, Theresa Kahanek and husband, Charles Kahanek, and Tom Jaresh, for which execution is ordered to be issued out of the County Court of Lavaca County, Texas, in Cause No. 3569, on the Probate Docket of said Court, in the Estate of Mates Jaresh, deceased, is void and is of no effect whatever."

. (6) The evidence as a whole, under the pleadings, conclusively shows the appellants to have been entitled to recover in this case, hence the overruling of their motion for a new trial by the court below was reversible error.

(7) During the trial below appellants' attorney became ill, "and was unable to concentrate his mind and did not know what had taken place on the trial, and thereby did not introduce in evidence the assignment of the co-defendants, Edmund Jaresh, Edward Jaresh, and Willie Jaresh to L. Jaresh, their uncle, and it was error for the trial court to overrule the motion for new trial."

■ After careful consideration of the record, it is determined that none of these presentments should be sustained; that the challenged judgment on its face appears to be both a final and complete one; that there is an express adjudication of all rights, interests, and all issues as to all parties concerned, and that it properly declares the consequences resulting to each of them; further, that it sufficiently disposes of all the subject matter thereof, in that it awards all the property of the estate—which by the undisputed evidence consisted of money alone, which was then in the custody of, and in the course of administration by, the probate court of Lavaca County—to the appellees, at the same time adjudicating that appellants had no interest therein; it then disposed of the other parties and issues by its last-quoted declarations, supra.

Indeed, appellants do not point out any left-over rights that were not adjudicated and determined.

■ When the only subject matter involved was thus fully disposed of between the only claimants to it, and specifically allocated to those recovering upon a share-and-share-alike basis, there remained nothing further for the district court to do, since the probate court alone could determine the exact share of each beneficiary. Nor did the failure of the decree to expressly provide for its enforcement in any way invalidate it, since the "power to enforce adjudicated rights follows as a matter of law". Darlington v. Allison, Tex. Civ.App., 12 S.W.2d 839, 841; Bludworth v. Poole, 21 Tex.Civ.App. 551, 53 S.W.

717; Ryan v. Raley, 48 Tex.Civ.App. 187, 106 S.W. 750; Carson v. Taylor, 19 Tex. Civ.App. 177, 47 S.W. 395; Taylor v. Doom, 43 Tex.Civ.App. 59, 95 S.W. 4.

The attack upon the sufficiency of the evidence to support the judgment wholly fails, in that appellants showed no right or title at all to the money so being administered in the probate court, in the absence of any admissible proof whatever of the genuineness and contents of the document, upon which alone they so predicated their claim.

■ In fact, upon original trial, as already indicated, they made no attempt to even offer it in evidence. In their motion for a new trial, however, they did make that effort, hence their assignment on this appeal "that a new trial should have been granted by the Trial Court because their attorney, carelessly and negligently overlooked to introduce evidence of their interest in the subject matter of this suit. * * *."

The trial court thrashed this matter out very thoroughly at that hearing, considering the evidence from both sides, which has been likewise reviewed by this court on the appeal.

In consequence, it may not be held that any abuse of a sound judicial discretion in refusing the new trial has been made to appear.

Appellants were permitted to file both original and amended motions for a new trial, and to support them not only with full pleadings, but evidence and arguments as well; the court further heard like opposition thereto from the appellees, and then—in a formal judgment—overruled the motion, without reciting the specific facts upon which it had acted.

A careful study of the record of that rehearing, however, clearly shows that, among others, the evidence before the court would have supported, if indeed it did not require, at least, these findings of fact:

(1) If appellants' attorney, as they thus alleged in their "first amended original motion for a new trial", "carelessly and negligently overlooked to introduce evidence of their interest in the subject matter of this suit, to-wit, the assignment on which these defendants base their claim to the monies involved herein and forming the basis of this lawsuit and which instrument bears date December 15, 1919", even thought he had been sick at the time—since he was shown to have conducted the new trial hearing throughout in person—he was at least fully able to have made the fact of his illness known to the court and to have asked for a continuance or a postponement of the trial because thereof, instead of waiting until long after the original judgment adverse to his clients had been rendered, and then raising the issue of his former illness for the first time in such motion for a new trial.

In having denied the motion in such circumstances, under these authorities, no abuse of the trial court's discretion has been shown. Verschoyle v. Darragh, Tex Civ.App., 67 S.W. 1099; Western Union Tel. Co. v. Brooks, 78 Tex. 331, 14 S.W. 699; Martin v. Clements, Tex.Civ.App., 193 S.W. 437; St. Paul, etc., v. Earnest, Tex.Civ.App., 293 S.W. 677, (affirmed by the Supreme Court, 116 Tex. 565, 296 S.W. 1088); Griffith's Heirs v. Eliot, 60 Tex. 334; Drinkard v. Ingram, 21 Tex. 650, 73 Am.Dec. 250; Malry v. Grant, Tex.Civ. App., 48 S.W. 614; Dathe v. Ohnsteadt, Tex.Civ.App., 56 S.W. 685; Cowan v. Williams, 49 Tex. 380; Cadwaller v. Lovelace, 10 Tex.Civ.App. 1, 29 S.W. 666, rehearing overruled, 29 S.W. 917.

■ (2) That if the alleged assignment existed, which fact itself had not been first shown, a want of such consideration therefor as would give it any effect against the appellees as the sole heirs of their deceased father was not made to appear, in that, upon its face, since the alleged instrument bore date of December 15 of 1919, twenty-four days before Mates Jaresh entered the asylum for the insane on January 9 of 1920, it exhibited merely a past consideration, which amounted to none at all against them; Witt v. Wilson, Tex.Civ. App., 160 S.W. 309.

(3) That Mates Jaresh, subsequent to January 9 of 1920, up to and subsequent to his death, had been taken care of exclusively by the State of Texas, and that appellants neither paid any of his asylum expenses, funeral or guardianship costs, insurance policies, or anything else.

(4) To say nothing of its intrinsic quality, no evidence at any time had been offered showing the execution of such an assignment. Baggett v. Sheppard, Tex.Civ. App., 110 S.W. 952; Maverick v. Routh, 7 Tex.Civ.App. 669, 26 S.W. 1008; Arnold

v. Ellis, 20 Tex.Civ.App. 262, 48 S.W. 883; Gregory v. Montgomery, 23 Tex.Civ.App. 68, 56 S.W. 231; Harris v. Shafer, 86 Tex. 314, 24 S.W. 263.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.