### Mrs. M. C. Evans v. W. J. Gray.

Decided March 15, 1905.

**Wife's Separate Property—Contract—Verdict—Judgment.**

In a suit against husband and wife upon a contract alleged to be for the benefit of her separate property, a general verdict for a money recovery in favor of plaintiff is sufficient to authorize judgment and execution to be satisfied out of the wife's separate property.

Appeal from the County Court of Johnson County. Tried below before Hon. J. D. Goldsmith.

*Stanford & Watkins,* for appellant.—The verdict of the jury is against the manifest weight of the evidence and is without any evidence to support it, in that all the evidence, without any contradiction, shows that plaintiff was entitled to a commission only in the event that he made a sale of the property. All of the evidence shows that he did not make any sale of the property. Duval v. Moody, 24 Texas Civ. App., 627, 60 S. W. Rep., 269; Brown v. Shelton, 23 S. W. Rep., 483; Garcelon v. Tibbetts, 84 Me., 148, 24 Atl. Rep., 797; Viaux v. Society, 133 Mass., 1; Loud v. Hall, 106 Mass., 404; Earp v. Cummins, 54 Pa. St., 394, 93 Am. Dec., 718; Hill v. Jebb, 55 Ark., 574, 18 S. W. Rep., 1047.

The court erred in refusing to set aside the verdict and judgment rendered herein, because there is no pleading nor evidence to the effect that this was a debt incurred by Mrs. Evans for the benefit of her separate property and that such charge was reasonable, and there is no finding of the jury on such issue, and there is absolutely no pleading nor evidence nor finding of the court or jury to authorize a personal judgment against Mrs. Evans, and directing execution against her

separate property.  Rev. Stats., arts. 1201, 2970, 2971; Powers v. Parks, 33 S. W. Rep., 718; Parker v. Wood, 61 S. W. Rep., 940.

*Odell, Phillips & Johnson,* for appellee.—The higher court will not set aside a verdict and reverse a case when the evidence is conflicting, or if there is any evidence to support it, no matter how unsatisfactory it may be to the court; and more especially will the court refuse to reverse when the verdict of the jury is so overwhelmingly supported by the great preponderance of the evidence, as in this case.  Harris County v. Campbell, 68 Texas, 26, 3 S. W. Rep., 243; Owens v. Missouri P. Railway, 67 Texas, 681, 4 S. W. Rep., 593; Ramsey v. Arrott, 64 Texas, 323; Ward v. Sutor, 70 Texas, 346; Simonton v. Forrester, 35 Texas, 585; Ward v. Bledsoe, 32 Texas, 233; Walker v. State, 37 Texas, 367; Baker v. Clepper, 26 Texas, 633; Caton v. Mosely, 25 Texas, 376.

Where an agent is authorized to make a sale and a purchaser is secured by him he is entitled to his commission; and it is no consequence that the owners did not know of the fact and made the sale themselves, or through their friend or through the friend of the purchaser closed the sale; nor is it any consequence that the owners reserved the right to sell themselves.  Graves v. Bains & Woodward, 78 Texas, 92; Byrd v. Frost, 29 S. W. Rep., 46; Harrell v. Zimpleman, 66 Texas, 292, 17 S. W. Rep., 478; Berg v. San Antonio St. Ry. Co., 17 Texas Civ. App., 302, 42 S. W. Rep., 647; Glascock v. Vanfleet, 46 S. W. Rep., 449; Duval v. Moody, 24 Texas Civ. App., 627, 60 S. W. Rep., 269.

If the verdict of the jury should be irregular in not specifically finding that the debt was contracted by a married woman, as provided by the statute, any such irregularity did not in any way invalidate the judgment founded upon the verdict.  Same would be merely an irregularity and not fundamental, and appellant should have complained of such irregularity either by motion in arrest of judgment or in a motion for a new trial; and at least should have complained of such irregularity by an assignment of error filed herein.  But appellants wait until the filing of this brief to raise this question and then attempt to raise it under assignment of error too general and which is not sufficient to base what appellants term their additional proposition. This additional proposition is not supported by or based on any assignment of error and should not be considered by this court.  Atchison, T. & G. S. F. Ry. Co. v. Worley, 25 S. W. Rep., 478; International & G. N. Ry. Co. v. Douglas, 7 Texas Civ. App., 555, 27 S. W. Rep., 793, 794; Consolidated K. C. S. & R. Co. v. Conring, 33 S. W. Rep., 548; First National Bank of Brownwood v. Houth, 18 Texas Civ. App., 250, 44 S. W. Rep., 44; San Antonio & A. P. Ry. Co. v. Ilse, 59 S. W. Rep., 565; White v. Wadlington, 78 Texas, 159; Wells v. Barnett, 7 Texas, 586, 587; Gulf, W. T. & P. R. Co. v. Montier, 61 Texas, 123.

Article 2855, Rev. Stats., does not provide that the verdict of the jury, shall specifically find that the debt against a married woman was created by necessity or for the benefit of her separate property.  It merely provides that the court shall decree that execution may be levied upon either the community property or upon the separate property of the wife at the discretion of the plaintiff.  There is no provision whatsoever that the verdict of the jury shall specifically find that the

debt was created or contracted for necessities or expenses for the benefit of the wife's separate property. The only provision is that it shall appear to the satisfaction of the jury that the debts were so contracted before the jury would be authorized to return a verdict against a married woman. The evidence in this case clearly shows that the debt was created and contracted for the benefit of the separate property of Mrs. Evans. This was an admitted fact on the trial of this cause and it appeared to the satisfaction of the jury that the debt was so contracted. A general verdict of the jury could not have been rendered against Mrs. Evans, unless it had appeared to the satisfaction of the jury that the debt was so contracted and the general verdict includes such finding. Hence the general verdict of the jury was and is amply sufficient to sustain the judgment of the court. The judgment of the court in this case complies with art. 2855, Rev. Stats., and additional proposition of appellant under above assignment is not sustained in law. Hardy v. DeLeon, 5 Texas, 247, 248; Horton v. Reynolds, 8 Texas, 284; Smith v. Johnson, 8 Texas, 418; Avery v. Avery, 12 Texas, 54, 55; Hamilton v. Rice, 15 Texas, 383-385; Galbreath v. Atkinson, 15 Texas, 21; Pearce v. Bell, 21 Texas, 688; Walters v. Cantrell, 66 S. W. Rep., 790; Loan Dep. Co. of Am. v. Campbell, 65 S. W. Rep., 65; Johnson v. Curlach, 42 S. W. Rep., 1048; Taylor v. Stephens, 17 Texas Civ. App., 37, 42 S. W. Rep., 1048; Carson v. Taylor, 19 Texas Civ. App., 178, 47 S. W. Rep., 395; Everit v. Walworth Co. Bank, 13 Wis., 423.

EIDSON, ASSOCIATE JUSTICE.—This action was originally brought in the Justice Court against appellant, Mrs. M. C. Evans and her husband E. B. Evans to recover the sum of $153, alleged to be due him for commissions on account of the sale by him of a certain business house and lot situated in the city of Cleburne, the separate property of the said Mrs. M. C. Evans, made under and by virtue of a verbal contract with the said Mrs. M. C. Evans and her husband; appellee alleging that the amount of said commission was reasonable, and, in effect, that his service in procuring the purchaser for and making the sale of said property, was for the benefit of the separate property of the said Mrs. M. C. Evans.

The appellant and her husband pleaded a general denial. In the Justice's Court the trial resulted in favor of defendants, appellant and her husband. The case was appealed to the County Court by the plaintiff, appellee herein, and a trial in that court resulted in a verdict and judgment in favor of the plaintiff, appellee, in the sum of $153.

While there is a conflict in the testimony, we think it is sufficient to support the verdict of the jury and judgment of the court below. In view of the liberal construction placed upon pleadings in Justice's Courts, we are of opinion that the pleadings of appellee are sufficient to charge that the debt sued for was contracted by appellant for the benefit of her separate property, and that same was reasonable and proper. Appellant contends that the jury should have recited in their verdict that they found that the debt sued on was contracted for the benefit of appellant's separate property, and that it was reasonable and proper, and that such failure constitutes reversible error.

This question was not raised in the court below in any form; therefore, we are not required to consider same, unless such failure on the

part of the jury constitutes fundamental error. The verdict of the jury is as follows: "We the jury find for the plaintiff the sum of $153." Article 2970, Sayles Civil Statutes, reads as follows: "The wife may contract debts for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property and for such debts, suit may be brought in the manner prescribed in article 1201." And article 2971, id., is as follows:

"Upon the trial of any suit as provided for in the preceding article, if it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were for the purposes enumerated in said article; and also that the debts so contracted or expenses so incurred were reasonable and proper, the court shall decree that execution may be levied upon either the common property, or the separate property of the wife at the discretion of the plaintiff."

We do not think that the language "if it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were for the purposes enumerated in said article, and also that the debts so contracted or expenses so incurred were reasonable and proper," contained in the last above quoted article, requires that the jury should recite their finding of such facts in their verdict. If their verdict, when construed in reference to the pleadings and evidence, implies that in arriving at it they found such facts, we think it is sufficient. In our opinion, in view of the pleadings and evidence, the jury in finding for the plaintiff in the sum of $153, necessarily found that the debt was contracted for the benefit of the separate property of appellant, and that it was reasonable and proper. All assignments of error have been examined and considered and none is well taken.

There being no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*