## W. R. EVANTS ET AL. v. W. H. FUQUA ET AL.

### No. 1923.   Decided April 28, 1909.

#### 1.—Contract—Agent Exceeding Authority

Where an agent authorized to contract for the sale of land of his principal exceeded his authority by inserting in the agreement a stipulation that the seller should forfeit, as liquidated damages, the sum of $50 per day for each day after his failure to make deed on a date agreed upon, the principal was not bound by the contract to sell, and the agent could not recover the commissions agreed on as his compensation for selling.   (P. 431.)

#### 2.—Same—Waiver of Stipulation.

A principal who did not authorize the contract as made by his agent is not bound thereby to so much thereof as was within the agents authority, nor can the other party waive the feature of the agreement which was invalid and hold the principal for the contract which he had authorized the agent to make.   (P. 432.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Deaf Smith County.

Evants & Hagler sued Ferguson and Fuqua and appealed from a judgment for defendants, on affirmance of which they obtained writ of error.

*R. W. Hall, Geo. W. Barcus,* and *Reeder, Graham & Williams,* for plaintiffs in error.—The agent having procured a purchaser ready, willing, and able to take the lands upon terms the owner had authorized sale made on has earned his commission.   Peach River Lumber Co. v. Montgomery, 115 S. W., 87; Johnson & Moran v. Buchanan, 116 S. W., 875; Arthur v. Porter, 116 S. W., 127.

*Turner & Boyce* and *Jno. P. Slaton,* for defendant in error, Ferguson.

*Madden & Truelove* and *W. D. Wilson,* for defendants in error, Fuqua.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is an action by Evants and James P. Hagler to recover of defendants, Ferguson & Fuqua, $72,000 for procuring a purchaser of 72,000 acres of land alleged to belong to defendants.   The plaintiffs alleged that they were employed and authorized by Ferguson to sell 72,000 acres of land owned by him and his codefendant Fuqua at a price of $3.50 per acre net to the vendor, and that they were to have for their compensation all in excess of that sum for procuring the purchaser; and that in pursuance of the power con-

ferred upon them by the contract, they procured a purchaser of the land at $4.50 per acre for the land and entered into a contract with him therefor. To the petition the defendants, among other defenses, pleaded a general denial.

Upon conclusion of the evidence the court instructed a verdict for the defendants.

The plaintiffs proved a contract in writing authorizing them to make the sale at $3.50 per acre for the entire tract or tracts of land, and proved by parol that they were authorized to sell on a credit over $40,000 to $100,000, the balance to be paid in notes running for ten years and to bear 6 percent interest. When the terms of the sale were agreed upon with the proposed purchaser they were put in writing and signed by the parties, Evants and Hagler, signing for the proposed vendor, and John S. Hagler signing for himself. That contract contained the following stipulations: "It is further agreed by the said Jno. E. Ferguson et al. that in the event the said John S. Hagler makes and deposits with the First National Bank, heretofore referred to, the said sum of $10,000 as a part of the purchase money of said seventy-two thousand acres of land in said Bailey County, Texas, and in the event the said Jno. E. Ferguson et al. do not by themselves or through their agents or attorneys in fact, execute and deliver to the said John S. Hagler a good and sufficient title and deed of conveyance to said land, duly and properly signed and acknowledged, for him and in his behalf, through the said bank, within or before the expiration of the said 60 days hereinbefore mentioned, then the said John S. Hagler is hereby empowered, and we hereby agree that he may take down, take from, receive and withdraw from said bank the said sum of $10,000 so deposited by him with said bank as a part of the purchase money on said land, together with all vendor's lien notes that he may have executed therefor and deposited with said bank, and the same shall be considered of no further force and effect against him, and we hereby release him from all further obligations for the purchase money for said land or damages from the nonperformance of said contract of purchase; and we furthermore agree with the said John S. Hagler to forfeit and pay to him, his heirs, executors, administrators or assigns, the sum of $50 per day for each and every day after the expiration of the sixty days hereinbefore mentioned, as liquidated damages for the nonperformance of said contract of sale on the part of the said Jno. E. Ferguson et al. and the failure on our part to make, execute and deliver to him a deed of conveyance in writing and a good and sufficient title to all of the land hereinbefore referred to. And we, the said Jno. E. Ferguson et al., do hereby give and guarantee unto the said Jno. S. Hagler, his heirs, executors, administrators or assigns, a lien upon the 72,000 acres, just before referred to, as a security for the payment on our part to the said Jno. S. Hagler of all liquidated damages agreed to be paid to him and provided for in this contract, should we fail to carry out and perform this contract for any reason whatsoever." There is no claim that Evants and Hagler were empowered by the agency contract to make such a stipulation as the above; indeed, one of the agents testified

that they had no authority for that action. But it is insisted that the proposed purchaser was not bound to insist upon that stipulation; that he might waive it and hold the proposed vendors to such of the terms of the agreement as they were authorized to make. But we do not concur in this view. The purpose of the contract between Evants and Hagler, as agents of Ferguson, and Jno. S. Hagler, as purchaser of the land, was to evince their acceptance of the proposition made by the vendors, and when he accepted in part and wrote into the contract the onerous stipulation set out above, it was not the contract of the vendors. They were not bound by the contract. It amounted to no more than a counter-proposal which they could accept or reject, as they saw fit. It was a departure from the contract they authorized their agents to make and they were not bound by it.

It is insisted that Hagler had the right to release Ferguson from the stipulation. This may be so, if he had gone about it in the right way, that is, by releasing the contract as executed and executing a new one with this stipulation left out. But this he did not do. The agents set out the contract in their petition and pray to recover compensation for making it. It is the foundation for their action. It was Ferguson's right to say to him, if you desire to accept the contract of my agents, do so according to the terms they are entitled to make, but do not insert in it any terms which they are not authorized to grant.

Because the plaintiffs were not authorized to make the contract which is declared upon in this case we hold that they can not recover compensation for making it.

Having examined the other assignments of errors and finding none, the determination of which should have changed the result of the suit, the judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*