CALDWELL et ux. v. SCOTT BROS.

(Court of Civil Appeals of Texas. Dallas. Feb. 3, 1912. Rehearing Denied Feb. 17, 1912.)

1. BROKERS (§ 57*) — COMMISSIONS — WHEN EARNED.

An agent employed to sell real estate on specified terms, who exceeds his authority in entering into a contract of sale, is not entitled to commissions, though there is a subsequent agreement of the purchaser to close the sale on the terms authorized by the owner.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67; Dec. Dig. § 57.*]

2. HUSBAND AND WIFE (§ 80*)—EMPLOYMENT OF BROKER—VALIDITY OF CONTRACT.

A married woman is not bound by a parol contract for the payment of commissions for the sale of land.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 80.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Scott Bros. against John F. Caldwell and wife. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

N. G. Turney, for appellants. Liveley, Nelms & Adams, for appellees.

RAINEY, C. J. Appellees sued appellant J. F. Caldwell, to recover $375 as commissions due them for negotiating a sale of real estate owned by appellants. Appellant J. F. Caldwell answered by general demurrer, general denial, and specially that the lot listed with appellees was the separate property of his wife, Mrs. Jennie F. Caldwell, within appellees' knowledge; that it was so listed by him as her agent; that it was listed on terms that, if sale preceded January 1, 1910, it should net her $7,250; but if sold after that date it should net her $7,500; and that she expressly ordered appellees not to sell for the gross sum of $7,500. Appellees then amended, making Mrs. Caldwell a defendant, alleging that "defendants were joint owners" of the property; and revised the contract by alleging that "they employed and contracted with plaintiffs" to sell said property for $7,500, and agreed to pay them "a commission of 5 per centum of the amount for which said property should be sold," etc. Defendants replied, (1) a demurrer; (2) a general denial; (3) that Mrs. Caldwell owned the property in her separate right, that it was listed with appellees in parol at $7,250, if sold before January 1, 1910, net; but at $7,500 net, if sold after that date; and that, in contracting with Rose, appellees exceeded their agency.

Discovering that appellees had made a contract in writing with Rose, and acknowledged and recorded it, April 29, 1910, defendants filed first amended original answer (1) demurrer; (2) that Mrs. Caldwell was sued neither under the statute nor to charge her separate property; (3) general denial; (4) coverture of Mrs. Caldwell, the separate owner of the property; that plaintiffs' suit against her is not brought under the statute nor to charge her separate property; that on September 30, 1905, said John F. Caldwell and H. G. Caldwell owned in common the tracts of land set out in deed of that date, whereby said John F. Caldwell conveyed his interest in said lands to Mrs. Jennie F. Caldwell, making her cotenant with H. G. Caldwell; that since then the land in suit has been, as before, the homestead of appellants; that Mrs. Caldwell acquired H. G. Caldwell's interest in the land in suit by partition, the deed by mistake having been made to John F. Caldwell, who holds in trust for her; that said John F. Caldwell for her listed said land as aforesaid at $7,250 net, if sold before January 1, 1910, but at $7,500 net, if sold afterwards, purchaser to assume the $3,000 mortgage not due on the property; that defendants ordered plaintiffs not to contract for $7,500 gross; that appellees willfully and in excess of authority made the contract in writing with Rose, set out in the answer, binding only John F. Caldwell, excluding Mrs. Caldwell, the owner of the property (1) for $7,500 gross; (2) selling more land than she owned; (3) calling for John F. Caldwell's general warranty deed; (4) making no provision for an assumpsit of said mortgage; (5) and charging $375 against defendants; (6) that the condition precedent to the validity and obligation of said written contract must show good title in John F. Caldwell by authentic abstract of necessity failed, and was in excess of authority, and the contract expired in 60 days, etc. February 23, 1911, Scott Bros. filed supplemental petition (1) excepting to defendants' setting up Mrs. Caldwell's resulting trust in said land deeded to her husband; (2) and hinting an estoppel. A trial resulted in a verdict and judgment in favor of appellees, and appellants appeal.

### Reasons for Reversing.

[1] The appellees exceeded their authority in entering into the contract of sale in these particulars: The property was listed with them for sale at $7,250 net if sold before a certain date, and at $7,500 net to said Caldwells if sold after that time, and the purchaser to assume a mortgage of $3,000 on the land. Appellees contracted, after the time stated, as agents for Caldwell, to sell the property for $7,500, and nothing was said to the purchaser about the assumption of the existing mortgage or paying commissions. More land was included in the sale than was authorized by Caldwell, and no authority was given to contract for the giving of a warranty deed.

Where an agent exceeds his authority to sell land the owner is not liable for the commissions for making the sale. Nor does the subsequent agreement of the purchaser to close the sale on the terms authorized by the owner bind the owner to the terms first authorized. Evants v. Fuqua, 102 Tex. 430, 118 S. W. 132, 132 Am. St. Rep. 892; Colvin v. Blanchard, 101 Tex. 231, 106 S. W. 323.

[2] 2. The court erred in rendering judgment against Mrs. Caldwell as there was no averment in the petition, nor evidence introduced that authorized such a verdict. Menard v. Sydnor, 29 Tex. 257; Wadkins v. Watson, 86 Tex. 194, 24 S. W. 385, 22 L. R. A. 779; Stroter v. Brackenridge, 102 Tex. 386, 118 S. W. 634. She being a married woman the allegations must show her liability as such, and the evidence must support the allegations. She is not bound by a parol contract for the payment of commissions for the sale of the land.

The judgment is reversed and cause remanded.