## TAYLOR v. THOMAS.

(Court of Civil Appeals of Texas. Texarkana. March 7, 1912.)

1. HUSBAND AND WIFE (§ 162*)—CONTRACTS BY WIFE—VALIDITY—"CONTRACT FOR BENEFIT OF SEPARATE PROPERTY."

A rental contract of a farm constituting the separate property of a married woman, which gives to the lessee the use of the farm for his own benefit for a year in consideration of a stipulated rental in money, is not a contract for the benefit of the separate property of the wife within Rev. St. 1895, art. 2970, authorizing a wife to incur debts for the benefit

of her separate property, and she is not bound thereby.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 637–640; Dec. Dig. § 162.*]

2. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CASE ON APPEAL.

Where all the facts are established, the court on appeal from an erroneous judgment will render the proper judgment, instead of reversing the judgment and remanding the cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Error to Bowie County Court; Joe Hughes, Judge.

Action by H. L. Thomas against Mrs. L. A. Taylor and another. From a judgment against both defendants jointly and severally, defendant named brings error. Reversed and rendered.

Hart, Mahaffey & Thomas, of Texarkana, for plaintiff in error. J. M. Terrell, of Dallas, for defendants in error.

LEVY, J. The defendant in error sued L. A. Taylor and his wife, Mrs. L. A. Taylor, jointly and severally for damages for breach of a rental contract of a farm, the separate property of Mrs. L. A. Taylor. The breach consisted in refusing to give possession. To the petition Mrs. L. A. Taylor interposed a general demurrer based upon the contention that the facts alleged in the petition did not authorize a personal judgment against a married woman. The court overruled the demurrer, and the trial resulted in a judgment against both defendants jointly and severally.

[1] The petition showed that Mrs. L. A. Taylor was under coverture when the rental contract was made, at the time of the breach of the same, and at the time of suit. The alleged rental contract on which the suit was founded was but a simple agreement for the defendant in error to have the use of the farm for cultivation to his own benefit and profit for the year 1911, in consideration of the payment in money of the stipulated amount of $100, to be evidenced by a promissory note. It was not a contract for the benefit of the separate property of the wife, but a simple contract of rental of the land. The rent would legally become community funds. Such being the alleged character of the contract made, it would affirmatively appear not to have been executed by the wife for a purpose pointed out by the statute which authorizes a wife to make a contract binding upon herself. Article 2970, R. S. It not being the character of contract that a married woman is authorized to enter into, the wife was not bound by it.

[2] The judgment as to Mrs. Taylor will be reversed; and, because it appears that all the facts as to the contract in suit are fully alleged, it would serve no purpose to remand the cause, and so judgment is here

rendered in favor of Mrs. Taylor, with all costs. The judgment as to L. A. Taylor, being unappealed from, will remain undisturbed.