### J. S. Gregory v. C. S. Montgomery.

Decided February 9, 1900.

**1.   Conversion—Demand Not Necessary.**

Where plaintiff and defendant agreed that a joint fund of theirs in defendant's hands should be applied by him to the costs of prosecuting an appeal, and defendant dismissed the appeal and had for more than a year thereafter failed to account to defendant for his, defendant's, one-half of the fund so remaining in his hands, the facts afforded such prima facie evidence of conversion as warranted a suit by plaintiff for the conversion of his moiety of the funds without previous demand on defendant for the money or for an accounting.

**2.   Same—Practice on Appeal—Reversal Without Remanding.**

Plaintiff having made out a prima facie case of conversion of money entitling him to a judgment, and defendant having pleaded only limitations, not sustained by the evidence, and a general denial under which he offered no proof, the appellate court, upon a reversal of the judgment in defendant's favor below, will proceed to render judgment for plaintiff, instead of remanding the cause to enable defendant to plead and show that, under an agreement between himself and plaintiff, he had applied the money to the costs of an appeal in which they were jointly concerned, since it was defendant's duty to have tried his whole case in the first instance.

**3.   Same—Limitations.**

Where plaintiff converted moneys of defendant left in his hands to be applied to the costs of an appeal, limitation did not begin to run against defendant until a repudiation of the trust by plaintiff was brought to defendant's knowledge.

APPEAL from County Court of Harris.   Tried below before Hon. E. H. VASMER.

*W. H. Scott,* for appellant.

*Love & McCord,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellant in a justice court in Harris County to recover of appellee the sum of $121.12, claimed by appellant to have been left in the hands of appellee, to be by him expended in the prosecution of a suit in the United States Circuit Court of Appeals for the State of Nebraska, in which appellant and appellee were jointly interested.   Appellant alleges in his amended petition filed in said cause that while holding said money in trust for the purpose above stated, appellee converted same to his own use, and refused to pay same or any part thereof to appellant. Appellee is a resident of the State of Nebraska, and no service was had upon him, but writ of attachment was sued out and levied upon certain real property belonging to appellee situate in Harris County, Texas.   Appellee filed plea to the jurisdiction of the court, and subject to said plea answered by general and special exceptions to plaintiff's petition and by general denial, and by special plea that the contract under which said money was alleged by appellant to have been left in the hands of the appellee, was illegal, against public policy, and void, and appellant could not recover for breach of same.   The plea to the jurisdiction of the court and the exceptions to the petition are not shown by the record to have been passed upon by the court below, and must be considered as waived.

The material facts in the case upon which this opinion is based are succinctly stated as follows:   Appellant, while a resident of the State of Nebraska, employed appellee to assist him in the collection of certain claims which had been placed in his hands for collection.   Appellant was to receive for his success in collecting said claims one-half of the gross amount collected, and his agreement with appellee was that he would divide equally with him whatever was realized from their joint prosecution of said claims, they to pay equally all costs incurred in their

efforts to collect same. In the prosecution of their joint undertaking to collect said claims appellant brought a suit in the United States District Court of Nebraska, the style of said suit being Kenney v. Cunningham, and pending a trial of said cause appellant moved to this State and has since resided here. When he left Nebraska he left all of said claims and said suit in the hands of appellee, to be prosecuted under the original agreement between him and appellant. Shortly after coming to Texas appellant received a letter written by appellee in which he stated that the suit of Kenney v. Cunningham had been decided by the District Court against the plaintiff; and that said judgment was in the opinion of the appellee erroneous and could be reversed on appeal, and appellee desired to know whether or not the appellant wanted the case appealed. To this letter appellant replied on January 20, 1896, and in reply to his letter received the following letter from appellee:

"January 24, 1896.

"John S. Gregory, Pepper Grove, Texas: Dear Sir.—Answering your favor of the 20th inst., we have to say that we agree with you entirely. The decision rendered by Judge Shiras is contrary to the several decisions of our own State Supreme Court, which we think would be followed by the Circuit Court of Appeals. If we appeal this case and the Circuit Court of Appeals overruled Judge Shiras, of which we feel quite confident, the Circuit Court of Appeals would not stop there, but would decide the case upon its merits as to all points involved.

"In the matter of costs and expense we have to say that we received $150 and $650 from another party on settlements. Of these amounts, aggregating $650, $325 was paid to the Kinneys, leaving $325 in our hands. Nearly $100 of this amount we have already paid out in costs and expenses, so that we have now in hand a balance of $231.54 as security for costs and expenses. This amount, however, is insufficient. There is a considerable sum of costs already accrued for which we are liable, and in addition to this the costs of an appeal to the Circuit Court of Appeals would be three or four hundred dollars, which we would have to advance, and which we would lose if the case went against us. The lowest estimate we can make of the sum required in addition to that which we have now is $300.

"We dislike very much to give up at this point, and we will not if you are willing to furnish the necessary funds to cover costs and expenses. We are perfectly willing to give our time and services. What do you say about it? The matter should be determined promptly, because if we appeal we should, I think, put in a supersedeas bond, which, if given, should be filed within sixty days from date of the decree, and in such event the proper papers should be prepared and filed and an order allowing the appeal should be obtained within the same sixty days. Yours very truly,

(Signed)　　　"Montgomery & Hall."

To this letter appellant replied proposing to let appellee use the money in his hands to pay cost of the appeal, on condition that he would furnish the legal service and advance whatever amount over and above the money in his hands might be necessary to pay the costs of appeal. On March 24, 1896, appellee wrote appellant that he had concluded to accept his proposition, that he had filed a supersedeas bond in the case, and in due time the case would be presented to the Circuit Court of Appeals. Hearing nothing further from appellee in the matter, appellant wrote him in the fall of 1897, asking him what had been done with the case, and in reply received the following letter:

"OMAHA, 9/29/97.

"Dear Gregory.—I found that the expense of printing record and brief was too great to justify the outlay on the chances; also, after looking up recent cases, I concluded the chances were largely against us in the U. S. C. C. of App. Also I concluded even if we succeeded in that it would take too much money to redeem the property to justify its redemption. Hence I dismissed the appeal and let the decree rendered by Shiras stand. Yours truly,

(Signed) "C. S. MONTGOMERY."

Shortly after the receipt of this letter appellant brought this suit. Upon these facts the court below rendered judgment in favor of appellee, and filed the following as his conclusion of the law of the case:

"As conclusions of law I find that no matter what may have been the status of the parties prior and up to March 24, 1896, the letter of Montgomery, dated January 24, 1896, and the reply thereto by Gregory making a counter-proposition and the acceptance of said counter-proposition by Montgomery on March 24, 1896, constituted a new agreement and undertaking, and that under this agreement and undertaking Montgomery was authorized in his discretion to expend the money on hand belonging jointly to the two for costs and expenses of litigation, and that before he could properly be subjected to suit for any amount he was entitled to the privilege of making an accounting and entitled that a demand should be made upon him for settlement."

We think the facts proven in this case, prima facie, entitle appellant to a judgment for one-half of $231.54, the amount admitted by appellee to have been in his hands at the time he made the agreement with appellant to appeal the case of Kenney v. Cunningham. It matters not what may be the technical character of this suit, whether a suit for conversion of bailed property, a suit for an accounting between partners, or a suit for money had and received, the facts alleged and proven are sufficient to entitle appellant to relief.

Appellant was not required to file any written pleading in this cause, but if considered by the rules of pleading applicable to the county and district courts, we think the allegations of the petition are sufficient. It

alleges facts which show a liability on the part of appellee to appellant, and contains a prayer for general relief, and upon such petition judgment granting appropriate relief can be properly rendered. Wagner v. Insurance Co., 92 Texas, 549.

It was not necessary for appellant to make formal demand upon appellee for a return of the money before bringing this suit. When appellee breached his contract with appellant by dismissing the appeal in the case of Kenney v. Cunningham, without appellant's consent, and failed to account to him for the money left by him with appellee for the purpose of prosecuting said appeal, this was in law a conversion of the amount so held by appellee, and he became immediately liable to appellant for same, and no demand therefor was necessary. Mitchell v. McLemore, 9 Texas, 154; Ballew v. Casey, 60 Texas, 575. It may be that appellee acted in perfect good faith in dismissing the suit, but his failure to account to appellant for the money left in his hands is, under the facts of this case, inexcusable. If he had expended said sum or any portion thereof for necessary costs and expenses in prosecuting said appeal, the amount so expended could have been certainly shown by him in this suit. This was a matter of defense exclusively within the knowledge of appellee. He has answered in this cause, submitted himself to the jurisdiction of the court, and though the case was pending for several months before the trial in the County Court, and had been previously tried in the Justice Court, there is nothing in his pleadings, and not a particle of evidence offered by him, to show that any part of said $231.54 was used by him in payment of the costs of said appeal. We think under the pleadings and facts of this case appellant is entitled to recover of appellee the sum of $115.77, with interest thereon at 6 per cent per annum from the date of the conversion of same. This date is not fixed by the evidence with certainty, but it is shown to be prior to September 29, 1897, the date of appellee's letter stating that he had abandoned the prosecution of the appeal, and the interest should be adjudged from that date. The judgment of the lower court will be reversed and rendered for appellant for the amount above indicated, with foreclosure of the attachment lien upon the land described in the sheriff's return upon the writ of attachment, and for all costs of this suit.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

After careful consideration of appellee's motion for rehearing, we can see no reason for changing the views expressed in the opinion heretofore rendered in this case. Appellee misconstrues our former opinion when he contends that it placed the burden upon the defendant of proving that he had not converted the funds left in his hands by plaintiff.

It is as well settled as any rule of enlightened jurisprudence, that

when a plaintiff makes out a prima facie case, and the defendant offers no evidence controverting, nor proof of any fact which would prevent or bar the right of recovery, such plaintiff is entitled to a judgment. In this case plaintiff, by the evidence introduced by him, and which was uncontradicted by the defendant, made out a prima facie case, and the defendant having pleaded no fact that would bar the right of recovery, nor offered any evidence at all, the plaintiff is entitled to a judgment. This is the sum and substance of our former opinion, and we can not agree with appellee's counsel that in so holding we have changed the rule as to the burden of proof.

Appellee earnestly insists that if we are right in this holding, we ought nevertheless to decline to render judgment in the case for the appellant, but should remand it for a new trial in order that the facts may be more fully developed. We can not agree to this proposition. If appellee had made any defense to plaintiff's suit in his pleading, other than a general denial and a plea of limitation which was not sustained by the evidence, notwithstanding the fact that he offered no evidence and elected to risk his case on the theory that plaintiff's evidence was insufficient to entitle him to recover, it might be proper for us to remand the case and allow appellee to prove his defense. It was appellee's duty to try his whole case, and we know of no rule of law that requires this court to give him two chances, not only in proving but in alleging his defense, if any he has. To adopt such a rule would be to prolong and delay the administration of justice, and would prevent the termination of litigation by the rendition of judgments by appellate courts in all cases in which the evidence discloses that there may be facts in existence, which if properly alleged and proven might demand a different judgment from the one properly rendered on the facts before the court. The appellee's plea of limitation was not noticed in our former opinion, because it was not contended in his brief that it was sustained by the evidence. Limitation did not begin to run against appellant until the repudiation of the trust by appellee was brought to the knowledge of appellant, and the record shows that this suit was filed within eighteen months after the appellant was informed of such repudiation and the conversion of the funds by appellee. We think the motion for rehearing should be overruled, and it is so ordered.

*Overruled.*