### H. W. Stroter et al. v. R. J. Brackenridge.

Decided May 27, 1908.

**Married Woman—Improvement of Separate Property.**

In order to hold a married woman liable for expenditures for the benefit of her separate property it must be shown that some improvement was made or labor furnished for utilizing such property. It is not sufficient that the money was furnished to her husband and that he promised, in her absence, to use it for such purpose.

Appeal from the County Court of Travis County. Tried below before Hon. Jno. W. Hornsby.

*D. W. Doom* and *D. H. Doom,* for appellants.—A contract, to bind a married woman and her separate property for the payment of a debt, must have been incurred by the wife for the benefit of her separate property; and the declaration of her husband that a loan was to be used for the benefit of her separate property, when the same was not in fact so used, ought not to have been admitted over her objection. Rev. Stats., 1895, art. 2970; Magee v. White, 23 Texas, 180.

It not being shown by the deed of conveyance or otherwise that any part of the purchase money was paid out of the separate property of defendant, Minnie Stroter, and it further appearing that a considerable part of the purchase money was on credit which never was paid, the property was the community property of H. W. Stroter and wife, Minnie Stroter, although the deed recited that the property was conveyed to her as her own separate estate, the meaning of that recitation being that it was the intention of the husband that the property should become the separate property of the wife after the purchase money was paid. Rev. Stats. of 1895, art. 2968; Epperson v. Jones, 65 Texas, 425; Smith v. Bailey, 66 Texas, 555; Higgins v. Johnson, 20 Texas, 389; Peet v. Railway, 70 Texas, 522; Ullman v. Jasper, 70 Texas, 446; Schuster v. Jewelry Co., 79 Texas, 179; Lynch v. Elkes, 21 Texas, 229; Farr v. Wright, 27 Texas, 96; Harris v. Williams, 44 Texas, 124; Warren v. Smith, 44 Texas, 245.

*N. A. Rector,* for appellee.—The evidence was conclusive that the money was borrowed for the benefit of the separate property of Minnie Stroter; and the judgment of the court finding such fact, and further that the same was a reasonable expense, was supported by all the testimony. Morrison v. Clark, 55 Texas, 443.

Minnie Stroter, under the statute, could incur an obligation for all expenses for the benefit of her separate property that were reasonable and proper. Rev. Stats., art. 2970, 2971; Lynch v. Elkes, 21 Texas, 229; McGee v. White, 23 Texas, 180; Harris v. Williams, 44 Texas, 124; Warren v. Smith, 44 Texas, 245.

KEY, ASSOCIATE JUSTICE.—R. J. Brackenridge brought this suit against H. W. Stroter and his wife, Minnie Stroter, seeking to recover upon a written obligation for $160, with interest and attorneys fees. The case originated in a Justice of the Peace Court, but was appealed to and finally tried in the County Court. H. W. Stroter seems to have made no defense, but Mrs. Stroter pleaded her coverture as a defense.

The plaintiff sought to hold Mrs. Stroter liable upon the theory that the contract was for the benefit of her separate property. The County Court sustained that contention and rendered. judgment against both defendants, authorizing execution to be levied upon either community property of the defendants or separate property of Mrs. Stroter. The defendants have appealed and present the case in this court upon several assignments of error, all of which relate to the liability of Mrs. Stroter.

The undisputed testimony shows that a tract of land was conveyed to Mrs. Stroter for a recited consideration of $500 in cash and a vendor's lien note for $300, signed by Mrs. Stroter and her husband. The deed also recites that the property is conveyed to Mrs. Stroter as her separate estate, but it does not show that the cash consideration paid was her separate property. Thereafter the plaintiff Brackenridge loaned Stroter and his wife $160, and received from them a written contract, the pertinent terms of which are as follows:

"1. That the said R. J. Brackenridge, party of the first part, agrees, at the request of the said parties of the second part, to furnish them, at their fair cash value, the labor and materials necessary to be used in constructing the following improvements, viz.:

"A three-strand wire fence on the south line of a 165-acre tract with posts at the intervals of a rod (16½ feet) apart, the corner posts to be well braced, on the homestead of said parties of the second part, consisting of one hundred and sixty-five acres, situated in the county of Travis, in the State of Texas, and more particularly described as follows: Known as the Henkel's tract of land a part of the Wilkinson Sparks ¼ league situated on the west side of the Colorado River about three miles from the city of Austin.

"2. That the said H. W. Stroter and his wife, Minnie Stroter, parties of the second part, in consideration of said labor and materials being so furnished, agree to pay the reasonable cash value of the labor and materials so used in constructing said improvements on their said homestead, amount to ($160) one hundred and sixty dollars, to the said party of the first part, on or before the 21st day of June, A. D. 1903, at Austin, in Travis County, Texas, with interest thereon at the rate of ten percent per annum from date until paid; and if an attorney is employed to collect the same, after maturity, an additional ten percent on the amount to be collected for attorney's fees; and the said party of the first part is hereby declared to have a mechanic's lien on the improvements so made and the said one hundred and sixty-five acres

upon which the same are situated, to secure the payment of the money to become due for said labor and materials, as herein specified; and the said parties of the second part hereby agree to keep, at their own expense, the said improvements insured against fire, for the benefit of said party of the first part, as his interest may appear, and upon their failure so to do said party of the first part may so insure said improvements, the expense of such insurance to be and become a part of the indebtedness secured by the mechanic's lien aforesaid.

"Witness our hands, this the day and year first above written.

(Signed) H. W. Stroter,
Minnie Stroter.

$160.

"Received, Austin, Texas, June 21, 1902, of R. J. Brackenridge for labor and materials used in constructing improvements in accordance with the foregoing contract, amounting to one hundred and sixty dollars, in consideration of which we, or either of us, promise to pay to R. J. Brackenridge or order, on or before the —— day of June, A. D. 1903, at Austin, in Travis County, Texas, the sum of One Hundred and Sixty Dollars, with interest thereon at the rate of — percent per annum from date until paid; and if an attorney is employed to collect the same after maturity, an additional ten percent on the amount to be collected for attorney's fees; and to secure the payment of which the said R. J. Brackenridge is hereby declared to have a mechanic's lien on our homestead, as prescribed and provided for in the foregoing contract, until paid.

(Signed) H. W. Stroter,
Minnie Stroter."

The land referred to in the contract is the same land that was conveyed to Mrs. Stroter by the deed above referred to. Thereafter the plaintiff Brackenridge bought the vendor's lien note referred to in that deed, procured a judgment foreclosing the same, and at a sale of the land by the sheriff under that judgment, became the purchaser and received a deed from the sheriff to the land. It was shown that the improvements referred to in the contract were not made. The plaintiff testified that when he let H. W. Stroter have the $160, which he loaned him, Stroter said that he intended to use it to make the improvements referred to in the contract, and that such improvements were necessary to protect the property. It was shown that Mrs. Stroter was not present on the occasion referred to, and she objected to the plaintiff's testifying as to what her husband had said in reference to the matter. It was also shown that Mrs. Stroter was a married woman at the time that the land was conveyed to her and at the time of the making of the contract upon which the suit was brought and continuously since then.

Without deciding other questions presented, we sustain appellant's fourth proposition under the second and third assignments of error, to the effect that the money loaned by the plaintiff to the defendants was not used for the improvement or benefit of the land referred to in the contract, or of any other separate property of Mrs. Stroter. The power of a married woman to bind herself by contract is regulated by article 2970 of the Revised Statutes, which reads: "The wife may contract

debts for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property, and for such debts suit may be brought in the manner prescribed in article 1201."

It is not pretended in this case that the contract was for necessaries for Mrs. Stroter or her children; and it is clear, we think, that she is not liable under the remaining portion of the statute, because the proof fails to show that any expense was incurred for the improvement of the property alleged by the plaintiff to be the separate estate of Mrs. Stroter. In order to hold a married woman liable upon a contract under the latter clause of the statute, it must be shown that some improvement has been made upon or labor furnished for the purpose of utilizing her separate property. If it be conceded that the land referred to in the contract was Mrs. Stroter's separate property, the proof entirely fails to show that any improvement was made thereon by the plaintiff, or anything done by him which resulted in a benefit to that property.

The most that can be said in behalf of the plaintiff is that he loaned the defendants $160, and that Mr. Stroter, in the absence of Mrs. Stroter, promised to use the money for the benefit of her separate estate and failed to keep that promise. Such state of facts falls short of bringing the case within the purview of article 2970.

As against H. W. Stroter, the judgment will be affirmed; as to Mrs. Stroter the judgment will be reversed and here rendered in her favor. The costs of the appeal will be taxed against appellee Brackenridge.

*Affirmed in part and in part reversed and rendered.*

The question of the correctness of the ruling above made was, pending a motion for rehearing, certified to the Supreme Court and the decision of the Court of Civil Appeals was there sustained. Stroter v. Brackenridge, 102 Texas, 386.

In order that the ruling should be decisive of the case the Court of Civil Appeals further certified that it found the land to be the separate property of Mrs. Stroter.