H. W. STROTER ET AL. v. R. J. BRACKENRIDGE.

No. 1913.   Decided March 31, 1909.

**Married Woman—Contract—Improvement of Separate Property.**

A married woman is not liable on a contract by which she and her husband borrowed and promised to pay money to place improvements on her separate property, the money having been applied by the husband to other purposes and the improvements not made. Such contract was not for "expense incurred" by her "for the benefit of her separate property" within the meaning of article 2970, Revised Statutes. (P. 388.)

Question certified from the Court of Civil Appeals for the Third District in an appeal from Travis County.

*D. W. Doom* and *D. H. Doom,* for appellants.—The money loaned by the plaintiff to the defendants was not used for the improvement or the benefit of the 165 acres of land and therefore Minnie Stroter and her separate property are not liable for the debt. Revised Statutes of 1895, art. 2970; Magee v. White, 23 Texas, 180; Flannery v. Chidgey, 33 Texas Civ. App., 638.

The proposition of appellee that because under art. 2967 of the Revised Statutes the husband has the sole management of the separate property of the wife his declarations concerning a contract as to whether it was for the benefit of the wife's separate property or not are admissible in evidence to show the fact is equivalent to saying that the husband can make the contract, which is right in the teeth of art. 2970, under which appellee claims and which requires the contract to be made by the wife and the assent of the husband is not necessary. Booth v. Cotton, 13 Texas, 359.

*N. A. Rector,* for appellee.—The evidence was conclusive that the money was borrowed for the benefit of the separate property of Minnie Stroter, and the judgment of the court finding such fact, and further that the same was a reasonable expense, was supported by all the testimony. Morrison v. Clark, 55 Texas, 437.

Minnie Stroter under the statute could incur an obligation for all expenses for the benefit of her separate property that were reasonable and proper. Revised Statutes, articles 2970, 2971; Lynch v. Elkes, 21 Texas, 229; Magee v. White, 23 Texas, 180; Harris v. Williams, 44 Texas, 124; Warren v. Smith, 44 Texas, 245.

·MR. JUSTICE BROWN delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Third Supreme Judicial District. The statement and question are as follows:

"As shown by copy of opinion hereto attached, this court has heretofore reversed and rendered this case, holding that the appellant, Mrs. Stroter, was not bound by the written contract signed by her, because of the fact that she was a married woman when she signed the same. Our opinion sets up all the material facts, except that it fails to show, as does the record, that the fence referred to in the contract was a reasonable and proper improvement upon the land.

"In the opinion referred to it was not our intention to say that Mrs. Stroter or Brackenridge had no notice of the purpose for which the money was borrowed. However, the record shows that the former had such notice only as was disclosed by the written contract.

"The case is now pending in this court on motion for rehearing. In considering that motion we have agreed to and do hold that the land referred to in the contract was at the time the contract was made, the separate property of Mrs. Stroter. The other question, and the one upon which this court decided the case, is material, and, as the case is not appealable to the Supreme Court and the question

referred to is one of practical importance, we have decided to certify it for decision:

"With the foregoing statement and explanation, the Court of Civil Appeals certifies to the Supreme Court for decision the specific question:

"Did this court rule correctly in holding that the facts set out in our opinion, with the additional facts herein stated, fail to bring the case within the purview of art. 2970 of the Revised Statutes of this State, and therefore that Mrs. Stroter could not be held liable upon the contract referred to?"

The warrant for Mrs. Stroter's personal liability must be found in the following article of the Revised Statutes:

"Art. 2970. The wife may contract debts for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property, and for such debts suit may be brought in the manner prescribed in article 1201."

To render Mrs. Stroter personally liable she must have contracted the debt for which the suit is brought for the benefit of her separate property. The husband as such can not bind her personally for debts contracted by him even for the benefit of her separate estate. If he be authorized by her to make such contract so as to become her agent, then she might be bound for the debt so contracted. Magee v. White, 23 Texas, 189; Sorrel v. Clayton, 42 Texas, 188.

Mrs. Stroter joined in the contract which was made in writing with Brackenridge, by which the latter was to furnish "at their fair cash value the labor and materials necessary to be used in constructing the following improvements:" Here follows a description of the fence which was to be built around the tract of land, the separate property of the wife. Mrs. Stroter and her husband also signed a paper in the form of a receipt and note by which the receipt of $160 was acknowledged which was to be applied to the making of a fence around the land. It contained a promise to repay the money and also gave a lien upon the homestead of Stroter and his wife. Brackenridge's testimony shows that he agreed to lend $160 to Stroter, who promised him that he would place the improvements upon the land and pay for them with the money furnished by Brackenridge. Mrs. Stroter was not present when this transaction occurred, and it is not shown by the evidence that she knew anything of such an agreement on the part of her husband, except what appears in the papers.

In closing up the opinion in this case the Court of Civil Appeals uses this language: "The most that can be said in behalf of the plaintiff (Brackenridge) is that he loaned the defendants $160 and that Stroter, in the absence of his wife, promised to use the money for the benefit of her separate estate and failed to keep that promise. Such state of facts falls short of bringing the case within the purview of article 2970."

We are of opinion that the Court of Civil Appeals reached the right conclusion in this case from the facts as presented, and that that court did not err in reversing and rendering the judgment herein.