RICHARD TEEL v. FRANK BLAIR, JR., ET AL.

Decided April 8, 1910.

**1.—Husband and Wife—Wife's Separate Estate—Claim Against.**

In a suit against a husband and wife upon a promissory note executed by them and to establish the same as a claim against the wife's separate estate, evidence reviewed and held to tend to show that the loan for which the note was executed was contracted by the wife or by her express authority for the benefit of her separate estate, and it was therefore error for the trial court to take this issue from the jury and to instruct a verdict thereon for the wife.

**2.—Same—Pleading and Proof—Variance.**

An allegation that a loan was made to the wife for the purpose of erecting a building upon her separate property is not supported by evidence that the larger portion of the loan was for the purpose of removing an encumbrance upon the property of the wife.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Greers & Nall,* for appellant.—The court erred in instructing the jury to find a verdict against the plaintiff in favor of the defendant Hannah M. Blair. Rev. Civ. Stats., Texas, art. 2970; Evans v. Gray, 38 Texas Civ. App., 442; Emerson v. Kneezell, 62 S. W., 551; Perkins v. Baker, 38 Texas, 46; Butler v. Robertson, 11 Texas, 71; Cartwright v. Hollis, 5 Texas, 153; Harris v. Williams, 44 Texas, 124.

*Lanier & Martin,* for appellee.

PLEASANTS, Chief Justice.—This suit was brought by appellant against the appellee Frank Blair and his wife, Hannah M. Blair, to recover a balance of $1,076.89 alleged to be due by appellees upon a note for $2,500 executed by them and payable to appellant. The petition alleges that the note was given for money loaned to appellees to be used for the benefit of the separate estate of Hannah M. Blair, and judgment is asked against both defendants for the balance due upon said note, and that the same be established as a claim upon the separate estate of said Hannah M. Blair.

The defendants answered by general demurrer and general denial, and defendant Hannah M. Blair, by special plea under oath, in which she specially denies that said note was given for a debt contracted by her for the benefit of her separate property.

The cause was tried in the court below with a jury, and after hearing the evidence the trial court instructed the jury to return a verdict in favor of the plaintiff against the defendant Frank Blair, and in favor of defendant, Mrs. Hannah M. Blair, that plaintiff take nothing by his suit against her. A verdict was returned in compliance with these instructions and judgment rendered in accordance therewith.

Under an appropriate assignment of error the appellant complains of this judgment in favor of appellee Mrs. Blair, on the ground that the evidence was sufficient to raise the issue of whether the debt was contracted by said appellee for the benefit of her separate estate, and therefore the court erred in instructing the jury to find for said appellee. This assignment must be sustained.

Mr. R. A. Greer testified for the plaintiff that Mr. and Mrs. Blair came to him for the purpose of borrowing money, and that Mrs. Blair told him they wanted the money to pay off an indebtedness upon a lot owned by her near the ice house in the city of Beaumont and to make improvements upon another piece of property owned by her in said city; that he told them that the plaintiff had money, but he, witness, did not know whether or not he would lend it. At that time defendants wanted to borrow $5,000 for the purposes before stated. Greer told them that he did not think they could mortgage the property they desired to improve because it was their homestead, and the security offered was not sufficient for so large a loan, but he referred the defendants to the plaintiff, and wrote him a letter introducing Mr. Blair. This letter was written in the presence of appellees. Blair took the letter to plaintiff and the latter agreed to lend him the $2,500, and such loan was accordingly made, the note given therefor being signed by both defendants and secured by a deed of trust executed by them upon the property owned by Mrs. Blair, which was

encumbered by the indebtedness that she made this loan in part to discharge. Plaintiff testified that the money was borrowed from him to be used in erecting a building on Mrs. Blair's property.

Blair testified that $2,200 of the money borrowed from plaintiff was used in paying off the encumbrance upon his wife's property, and that in making this loan from plaintiff he acted for his wife, and that she knew of the negotiations with plaintiff. It is not shown what use was made of the balance of this loan, but none of it was used in improving any property belonging to Mrs. Blair. Mrs. Blair did not testify on the trial of the case.

We think this evidence tends to show that the loan was contracted by Mrs. Blair or by her express authority and for the benefit of her separate estate, and the trial court should not have taken that issue from the jury.

If the debt was contracted by her, or by her authority, and was for the benefit of her separate estate, she and her separate estate are bound therefor. Rev. Stats., art. 2970; McGee v. White, 23 Texas, 189; Emmerson v. Kneezell, 62 S. W., 551; Evans v. Gray, 38 Texas Civ. App., 442 (86 S. W., 375); Strother v. Brackenridge, 102 Texas, 386.

In the case last cited the court held that the facts were not sufficient to show that the debt was contracted by Mrs. Strother, or by her authority, and for the benefit of her separate estate, the only evidence of such contract on her part being that she joined with her husband in a written contract by which the plaintiff agreed to furnish the labor and material necessary in the construction of certain improvements upon property owned by her. After this contract was made plaintiff loaned the husband of Mrs. Strother $160 upon the agreement on his part that he, Strother, would use the money in making said improvements. Mrs. Strother also signed with her husband a receipt for this money, which recited that it was to be applied to the making of the improvements. The money was not used by Strother for this purpose. The court say that this evidence only shows that the plaintiff Brackenridge loaned Strother $160, and that, "in the absence of his wife, Strother promised to use the money for the benefit of his wife's separate estate, and failed to keep that promise. Such state of facts falls short of bringing the case in the purview of article 2970." There was no evidence that Mrs. Strother had anything to do with borrowing the money from Brackenridge. After the loan had been made to her husband she joined him in a receipt containing a promise to repay the loan and attempting to fix a lien upon the homestead of herself and husband to secure same.

In the instant case Mrs. Blair, according to the testimony of Greer, who was the attorney and agent of the plaintiff in making the loan, applied to him for the loan, and expressly stated to him that she wanted the money to use in protecting and improving her separate property. He testifies that, pending the negotiations for the loan, he had several conversations with her in which she made these statements.

As we have before said, we think this evidence required the trial

court to submit to the jury the question of whether the money was borrowed by Mrs. Blair for the benefit of her separate estate.

The petition alleges that the money was loaned for the purpose of erecting a building upon Mrs. Blair's separate property, while the evidence before set out shows that the larger portion of the loan was for the purpose of removing an encumbrance upon property belonging to Mrs. Blair. Under the allegations of the petition the appellant could only recover against Mrs. Blair for that portion of the loan made for the purpose of improving her property.

For the reason indicated the judgment of the court below in favor of Mrs. Blair is reversed and the cause remanded.

*Reversed and remanded.*