## BLAIR v. TEEL.

(Court of Civil Appeals of Texas. Galveston. Jan. 2, 1913. Rehearing Denied Jan. 16, 1913.)

1. HUSBAND AND WIFE (§ 155*)—BORROWING MONEY—REDEMPTION OF SEPARATE ESTATE—"PURCHASE OF PROPERTY."

Where property of a married woman had been sold under a trust deed, and title taken in the name of the mortgagee, under an express agreement of record that it might be redeemed upon paying the indebtedness for which it had been sold, the payment of such indebtedness was not a "purchase of property," so as to be prohibited as a purpose for which a married woman may borrow money.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 605–607; Dec. Dig. § 155.*]

2. HUSBAND AND WIFE (§ 155*)—WIFE'S SEPARATE PROPERTY—BORROWING MONEY.

A married woman has the right to borrow money to discharge a mortgage indebtedness, and thereby to charge her separate estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 605–607; Dec. Dig. § 155.*]

3. HUSBAND AND WIFE (§ 232*)—ACTION TO CHARGE WIFE'S SEPARATE PROPERTY—SUFFICIENCY OF EVIDENCE.

Evidence, in an action on a note for borrowed money, brought against a married woman and her husband to charge her separate property, *held* to sustain allegations that upon the first application for the loan it was represented that the money was wanted to improve her separate estate, and afterwards, and before the money was loaned, that it was represented as wanted to pay off debts due by her for which her separate estate was liable, and that it was so used.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 844–848; Dec. Dig. § 232.*]

4. HUSBAND AND WIFE (§ 155*)—WIFE'S SEPARATE ESTATE—LIABILITY—BILLS AND NOTES.

A married woman's note for borrowed money is not binding upon her, unless the money borrowed was used for the benefit of her separate estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 605–607; Dec. Dig. § 155.*]

5. LIMITATION OF ACTIONS (§ 25*)—PARTICULAR ACTION—WRITTEN CONTRACT—NOTE.

An action on a married woman's note for borrowed money, valid because borrowed for the benefit of her separate estate, was not barred until four years after the maturity of the note.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 118–131; Dec. Dig. § 25.*]

6. HUSBAND AND WIFE (§ 155*)—CHARGES ON WIFE'S SEPARATE ESTATE—MORTGAGE.

A part of a loan to a married woman, not used for the benefit of her separate estate, cannot be made a charge on such estate, except as to the property upon which she has executed a deed of trust to secure its payment.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 605–607; Dec. Dig. § 155.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

7. Mortgages (§ 376*)—Payment (§ 38*)—Application—"Involuntary Payment."

A payment of an indebtedness by the sale of mortgaged real property is an "involuntary payment," as to which the debtor has no right to make an application under the rules governing voluntary payments.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1125–1132; Dec. Dig. § 376;* Payment, Cent. Dig. §§ 99–103; Dec. Dig. § 38.*

For other definitions, see Words and Phrases, vol. 4, p. 3764.]

8. Mortgages (§ 376*)—Application of Payments—Appropriation by Parties — Consent.

Where a married woman gave a deed of trust upon her separate estate to secure a loan, part of which she paid over to her husband, and part of which she used for the benefit of such estate, neither party on a sale of the property could, without the other's consent, apply the proceeds first to the payment of either portion of the indebtedness, but such proceeds, in the absence of any agreement, must be applied pro rata to the payment of the debt due by her and that due by her husband.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1125–1132; Dec. Dig. § 376.*]

Error to District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by Richard Teel against Mrs. Hannah M. Blair and husband. Judgment for plaintiff against both defendants, and Mrs. Hannah M. Blair brings error. Reformed and affirmed.

J. F. Lanier and J. D. Martin, both of Beaumont, for plaintiff in error. Greer, Nall & Bowers, of Beaumont, for defendant in error.

PLEASANTS, C. J. This suit was brought by defendant in error, Richard Teel, against the plaintiff in error, Hannah M. Blair, and her husband, Frank Blair, Jr., to recover the sum of $1,076.89, with interest thereon from February 4, 1908, at the rate of 10 per cent., and 10 per cent. additional as attorney's fees. The $1,076.89 sued for is the balance due on February 4, 1908, upon a promissory note for the sum of $2,500, executed by the defendants on October 7, 1904, and payable to plaintiff's order three years after date, with interest from date at the rate of 10 per cent. per annum, and providing for 10 per cent. additional as attorney's fees if said note was not paid at maturity and was placed in the hands of an attorney for collection. This $2,500 was loaned by the plaintiff to the defendants.

The circumstances in which the loan was made are alleged in the petition as follows: That when said negotiations for said loan were first opened up the defendants herein informed plaintiff that they desired said money for the purposes of putting up a brick building upon property then owned by the defendant Hannah M. Blair at the corner of Pearl and Milam streets, in Beaumont, Tex.; that they were going to procure the sum of five thousand ($5,000.00) dollars and erect a small brick building on said property; that before said loan was closed defendants made other and further representations to plaintiff's agent, and represented as hereinafter set forth, on which last representation plaintiff's agent so acted; that the defendants herein also represented to plaintiff that said money so borrowed from plaintiff was for the benefit of the separate estate of the defendant Mrs. Hannah M. Blair, in that the said defendant Mrs. Hannah M. Blair then owned in her separate right, and as her separate estate, lot No. 352, in block 69, of the city of Beaumont, Jefferson county, Tex., according to the original plat of the said city; that the said Mrs. Hannah M. Blair had, prior to said time, borrowed from some party now unknown to plaintiff, and whose name plaintiff does not remember, approximately the sum of $2,500 upon said property; that the said Mrs. Hannah M. Blair, acting for herself and those authorized to represent her, advised plaintiff and his legal representative, who was authorized to loan said money for him, to wit, R. A. Greer, that the property of the said Mrs. Hannah M. Blair, above mentioned, was about to be sold to pay the indebtedness on which loan existed, as hereinbefore set forth, and the said money was desired for the purpose of paying off and discharging said debt and thereby securing to her, the said Mrs. Hannah M. Blair, further time in which to pay off said indebtedness, so as to enable her, if possible, to protect her separate property and to preserve the same for her future use and benefit.

The petition then described certain liens in favor of Mrs. Carrie M. Lucas existing upon the lot, before mentioned, on October 7, 1904, for the discharge of which liens and other debts of defendant Hannah M. Blair, for which her separate estate was liable, the $2,500 is alleged to have been borrowed by the defendant. The liens and debts so described amount in the aggregate to the sum of $2,217.16. It is alleged that this plaintiff is informed that of the money so loaned by him approximately the sum of $282.84 was turned over to Frank Blair, Jr., one of the defendants herein; that if the same was so paid to the said Frank Blair, Jr., and the defendant Mrs. Hannah M. Blair did not get the benefit of the same, or any other portion of the money so loaned, then plaintiff says that she hypothecated lot No. 352, in block 69, to secure the money so paid to her husband, Frank Blair, Jr.; that this plaintiff sold said property last above mentioned and applied the proceeds thereof to discharging the indebtedness, if anything, for which the defendant Mrs. Hannah M. Blair was not personally liable, and for which the defendant Frank Blair, Jr., only was liable, leaving due this plaintiff the sum of $———, for which the said Mrs. Hannah M. Blair is personally liable; that this plaintiff had a right to so apply the proceeds of said property under and by virtue of the fact that the

defendant Frank Blair, Jr., was insolvent, and the defendant Mrs. Hannah M. Blair did not direct how the proceeds of said property should be so applied; that under and by virtue of the representations of plaintiff in obtaining said money, and under and by virtue of the fact that the same was so obtained for the benefit of the separate estate of the said Mrs. Hannah M. Blair, said Mrs. Hannah M. Blair is obligated and bound upon the note herein sued upon, and plaintiff is entitled to recover judgment against her, as well as against her husband Frank Blair, Jr., and to have said indebtedness sued upon established as a claim upon the separate property of said Mrs. Hannah M. Blair; wherefore, premises considered, all parties being before the court, plaintiff prays that upon the trial hereof he have and recover judgment against said defendants, and both of them, for the balance of the sum so due on said note, principal, interest, and attorney's fees, together with all costs of suit, and that said indebtedness be established as a claim upon the separate estate of Mrs. Hannah M. Blair.

The defendants answered by general demurrer and general denial and by special plea, setting up the fact that defendant Hannah M. Blair was a married woman at the time the note sued on was executed, and specially denying that the money for the loan of which said note was given was borrowed or extended for the benefit of her separate estate, or for necessaries for said defendant. She also pleaded the two-year statute of limitation.

The trial in the court below, without a jury, resulted in a judgment in favor of plaintiff against both defendants. The appeal is prosecuted by Mrs. Blair alone.

The trial judge, at the request of plaintiff in error, filed the following findings of fact:

"(1) I find that the defendant Mrs. Hannah M. Blair, prior to her marriage with Frank Blair, Jr., owned in her separate right lot three hundred fifty-two (352), in block sixty-nine (69), of the city of Beaumont, and that this property continued as her separate property after her marriage with her codefendant.

"(2) I find that prior to October 7, 1904, Mrs. Hannah M. Blair had borrowed various sums of money upon her property above mentioned while she was a feme sole, and that the indebtedness and liens securing the same were owned by Mrs. Carrie M. Lucas during the year 1904, and were valid liens upon said property.

"(3) I further find that during July, 1904, Mrs. Hannah M. Blair brought an injunction suit to prohibit Mrs. Lucas from collecting the notes and foreclosing the liens upon the property described in paragraph 1; that subsequent to the time the suit was filed an agreement was entered into between Mrs. Hannah M. Blair, acting through her duly authorized agent, D. H. Hardy, the substance of which was that if the property was sold at the first sale day in October Mrs. Hannah M. Blair should have ten days after sale in which to pay off the indebtedness, and during said time the title would not pass to Mrs. Lucas.

"(4) I find that prior to October, 1904, Mrs. Hannah M. Blair and her husband, Frank Blair, Jr., who was acting as her agent and with her full authority and consent, approached the plaintiff in this case for a loan. The first negotiation was had with R. A. Greer, at Beaumont, who represented plaintiff as his agent. That both defendants solicited the said Greer for a loan, and represented that the money was desired to pay off the lien in favor of Mrs. Carrie M. Lucas, and costs and attorney's fees incident thereto. That they were referred by Mr. Greer to the plaintiff, who then lived in Hardin county, Texas.

"(5) I find that Frank Blair, Jr., representing his wife, Mrs. Hannah M. Blair, and with her knowledge and consent and at her solicitation, went to Hardin county, but during the negotiations with plaintiff there represented that the money was to be used to construct a brick building upon some other property owned by Mrs. Hannah M. Blair; that the loan was not made at that time, but some few days subsequent thereto plaintiff brought the money to Beaumont and delivered the same to his agent, R. A. Greer, with instructions to arrange the loan so that he would be protected, and to represent him in the negotiations.

"(6) I find that Mrs. Hannah M. Blair also employed her attorney, D. H. Hardy, to assist in procuring this loan from plaintiff, and that D. H. Hardy was authorized to represent her and bind her in securing the loan, and that D. H. Hardy acted with the consent and approval of Mrs. Hannah M. Blair.

"(7) I find that R. A. Greer, as the agent of the plaintiff, and D. H. Hardy, the agent of Mrs. Hannah M. Blair, both parties being fully authorized to represent their principals, closed the negotiations, and that the said Greer acted for plaintiff, loaning the money to Mrs. Hannah M. Blair for the purpose of paying off the indebtedness against her separate property, and it was so understood at the time. In this connection, I find that Mrs. Hannah M. Blair had many conversations with R. A. Greer and solicited him to procure the money for her, and that she was cognizant of all the acts of the said R. A. Greer and D. H. Hardy in procuring said money and the purpose for which it was procured, and how, and that they consulted her many times during the negotiations and when the loan was finally consummated and the money paid over.

"(8) I find that Mrs. Carrie M. Lucas re-

leased to Mrs. Hannah M. Blair (formerly Hannah M. Baxter) the liens upon the property described in paragraph 1 of this finding of facts, and that the releases were duly recorded in the records of deeds of Jefferson county, Texas, in volume 27, pages 585 and 595, and that Mrs. Lucas was paid with the money borrowed by the defendants from plaintiff.

"(9) I find that prior to October 7, 1904, Mrs. Hannah M. Blair had employed Messrs. Hardy & Hardy as her attorneys to represent her in some suits pending against her for her separate property; that court costs had been incurred in these suits, which she was obligated to pay, and which were paid by the attorneys, Messrs. Hardy & Hardy, out of the moneys procured from plaintiff, and that the money was so used with her consent and approval, and with the consent of the agent of plaintiff; that there was also paid to her attorneys for representing her the sum of one hundred and fifty ($150.00) dollars, which was for services incurred by her in suits to protect her separate estate; and that said charge was reasonable and necessary for said purpose.

"(10) I find that all of said money was so borrowed for the benefit of the separate estate of Mrs. Hannah M. Blair by her, acting in person and through her duly authorized agents, and it was all used for said purpose, except two hundred eighty-two and $84/100$ ($282.84) dollars.

"(11) I find that the note and lien executed by defendants to plaintiff were not paid, and on February 4, 1908, there was due on said note—principal, interest, and attorney's fees—the sum of two thousand nine hundred seventy-six and $89/100$ ($2,976.89) dollars, the note having been placed in the hands of attorneys for collection, and on said February 4th the trustee sold the property on which the lien was given, and credited said note with the amount of proceeds, being one thousand nine hundred ($1,900.00) dollars, leaving a balance due at that date of one thousand seventy-six and $89/100$ ($1,076.89) dollars.

"(12) I find that the defendants made no request of plaintiff as to how the proceeds of said property sold should be applied, and the plaintiff thereupon elected to discharge that portion of the debt which the evidence did not show was used for the benefit of the separate estate of Mrs. Hannah M. Blair, and to look to her for the balance due.

"(13) I find that plaintiff loaned to the defendant Mrs. Hannah M. Blair the sum of two thousand five hundred ($2,500.00) dollars on October 7, 1904, to evidence which Mrs. Hannah M. Blair and Frank Blair, Jr., executed to plaintiff their note of said date for the sum of two thousand five hundred ($2,500.00) dollars, due three years after date and providing for 10 per cent. attorney's fee if placed in the hands of an attorney for col-

lection, and for 10 per cent. interest from date; that the interest was paid on this note up to and including April 7, 1907; that to secure the note above mentioned the defendants executed to plaintiff their deed of trust upon lot three hundred fifty-two (352), in block sixty-nine (69), of the city of Beaumont; that on February 4, 1908, the note being past due, and plaintiff being the owner thereof, he caused to be sold the property on which the deed of trust was executed, as above mentioned, at trustee's sale, and purchased the same for the sum of two thousand ($2,000.00) dollars, and, after deducting 5 per cent. commission for the trustee, credited the balance of one thousand nine hundred ($1,900.00) dollars upon the note, leaving the amount due as found in paragraph eleven (11) of these findings of fact. I find that the plaintiff is now the owner and holder of said note; that the same was placed in the hands of attorneys for collection and suit brought thereon; and that there is due on said note a balance of one thousand seventy-six and $89/100$ ($1,076.89) dollars, together with 10 per cent. interest from February 4, 1908, and 10 per cent. attorney's fees."

All these findings, except the twelfth, are supported by the evidence, and are adopted as the fact conclusions of this court. In regard to the twelfth finding of fact before set out, the evidence sustains the finding that plaintiff in error made no request as to how the proceeds of the sale of the lot should be applied; but there is no evidence that defendant in error applied such proceeds first to the payment of the $282.84 due by the defendant Frank Blair, but, on the contrary, the credit on the note indicated that the proceeds of the sale of the property were applied to the indebtedness as a whole.

Under appropriate assignments of error, it is urged that the court below erred in holding Mrs. Hannah M. Blair liable for any part of the note sued on, first, because the evidence shows that the money for which the note was given, if borrowed and used by her, was not used for the benefit or protection of her separate estate, but for the purpose of enabling her to purchase property, and a married woman is not authorized to borrow money for said purpose, and cannot bind her separate estate by a contract of this kind; and, second, because there is such a variance between the allegations of the petition as to the purpose for which the money was borrowed and the evidence on that issue that the judgment cannot be sustained. We think neither of these objections is valid.

[1, 2] The allegations of the petition, before set out, show that, while the property had been sold under the Lucas trust deed and the title taken in Mrs. Lucas' name before the $2,500 was loaned by plaintiff to Mrs. Blair, the sale to Mrs. Lucas was under an express agreement, which was entered

of record in the minutes of the district court of Jefferson county, that Mrs. Blair could redeem the property by paying the indebtedness for which it had been sold. Under these facts, which were shown by the undisputed evidence, the payment of the amount due upon said property was not a purchase of the property by Mrs. Blair. The absolute title to the property did not pass to Mrs. Lucas by the trustee's deed made in accordance with this agreement. While the deed was absolute upon its face, it was in fact nothing more than a mortgage, and Mrs. Blair's right to borrow money to discharge this indebtedness and thereby charge her separate estate cannot be questioned. Teel v. Blair, 128 S. W. 478.

[3] There is no variance between the allegations of the petition and the evidence as to the purpose for which the money was borrowed. The petition alleges that when the application for the loan was first made the defendants stated that they desired the money to make improvements upon the separate estate of Mrs. Blair, but that afterwards, and before the money was loaned, they informed plaintiff that it was wanted for the purpose of paying off debts due by Mrs. Blair for which the separate estate was liable, and that it was so used. The evidence fully sustains these allegations.

[4, 5] Neither the statute of frauds nor the statute of limitation can be invoked by plaintiff in error as a defense to this suit. The note was not barred when the suit was brought. While it was not binding upon her, unless it was shown that the money for which it was given was borrowed for the benefit of her separate estate, when this fact was shown, the note became a valid and binding obligation on her; and being in writing such obligation did not become barred until four years after the maturity of the note, which was some time after this suit was filed.

[6-8] Another objection urged to the judgment is that the amount adjudged against Mrs. Blair is excessive. We think this objection should be sustained. The $282.84 which was not loaned for the benefit of Mrs. Blair's estate cannot be made a charge upon her estate, except as to the property upon which she executed the deed of trust to secure its payment; and this deed of trust having been also given to secure the portion of the indebtedness loaned her for the benefit of her separate estate when that property was sold we do not think that either party could, without the consent of the other, apply the proceeds of such sale first to the payment of either portion of the indebtedness, but that such proceeds, in the absence of any agreement, must be applied pro rata to the payment of the debt due by Mrs. Blair and that due by her husband. The payment was involuntary, and in such case neither debtor has the right to make an application under the rules governing voluntary payments. 30 Cyc. 1228, and authorities there cited. She gave the lien upon the property to secure both debts, no preference being given to either by the terms of the trust deed, and we do not think she should be allowed to vary or change the equal lien given by her, so as to make a preference lien to secure the debt due by her; and it is equally clear that the plaintiff cannot vary the lien and make it a preference lien to secure the debt due him by the husband.

What has been said disposes of all the material questions presented by the appeal. Except as above indicated, none of the assignments presented in the brief of plaintiff in error should be sustained, and all are overruled.

Because of the error in the amount of the judgment rendered against Mrs. Blair, as above pointed out, the judgment against her will be reformed by allowing her credit on the amount of the note due by her for a proportionate part of the proceeds of the sale of the property, and as so reformed said judgment is affirmed.

Reformed and affirmed.