MILLS v. FROST NAT. BANK. (No. 6133.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1919. On Motion for Rehearing, Feb. 12, 1919.)

1. HUSBAND AND WIFE ⬅232(1)—ACTION ON NOTE—BURDEN OF PROOF.

Plaintiff suing wife on note has burden of proving that the note was one that a married woman was authorized by law to make.

2. HUSBAND AND WIFE ⬅155—WIFE'S CONTRACTS—SEPARATE PROPERTY—BORROWING MONEY FOR INVESTMENT PURPOSES.

Rev. St. 1911, art. 4624, which, prior to amendment, authorized married woman to contract debts for benefit of separate property, conferred no authority to borrow money for investment purposes.

3. HUSBAND AND WIFE ⬅162—CONTRACTS OF WIFE—INCURRING INDEBTEDNESS—PURCHASE OF PROPERTY.

Under Rev. St. 1911, art. 4624, which, prior to amendment, authorized married woman to incur indebtedness for benefit of her separate property, did not authorize wife to make herself personally liable on contracts assuming the payment of purchase money due on property bought by her.

4. HUSBAND AND WIFE ⬅162—CONTRACTS BY WIFE—INCURRING INDEBTEDNESS—SEPARATE PROPERTY.

The mere fact that a wife got the money on her note did not render her personally liable on the note, although it was executed for indebtedness incurred before the authority given by Rev. St. 1911, art. 4624, to a wife to contract debts, for benefit of her separate property was taken away by amendment of that statute.

On Motion for Rehearing.

5. APPEAL AND ERROR ⬅715(2)—RECORD—EXTRANEOUS MATTER SHOWN BY AFFIDAVIT.

The Court of Civil Appeals is bound by the record as it appears in the transcript and statement of facts, and extraneous matters shown in affidavit cannot be considered.

6. PLEADING ⬅248(3)—AMENDMENT OF PETITION—NEW CAUSE OF ACTION.

In action on note where no fraud is alleged, an amendment to petition showing fraud presents new cause of action.

7. APPEAL AND ERROR ⬅1177(4)—DISPOSITION—REMAND—DEFECTIVE PLEADING.

Where appellate court sustains exceptions to petition because cause of action has been defectively or insufficiently pleaded, it is proper to remand case to give opportunity to amend; but where amendment would state new cause of action, the case will not be remanded.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by the Frost National Bank against Mabel Mills. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

R. H. Ward, of San Antonio, for appellant. Clamp, Searcy & Clamp, of San Antonio, for appellee.

MOURSUND, J. The Frost National Bank sued Mrs. Mabel Mills on a joint and several promissory note for $9,179.33, executed by her and her husband, E. W. Mills, dated January 22, 1917, payable one day after date, bearing 8 per cent. interest, and providing

for attorney's fee of 10 per cent. It was alleged by plaintiff that the note was given for money borrowed by said Mabel Mills as and for her separate property and was used by her, and that her separate estate got the full benefit of said money. In subsequently filed pleadings plaintiff alleged that the note was the last of several notes renewing a debt evidenced originally by a note for $7,000, dated June 15, 1912, signed by Mabel Mills and her husband, the accrued interest being added in each note; that the money was borrowed by Mrs. Mills for the use and benefit of her separate estate; that it was deposited to her credit and checked out by her; that it was understood that it belonged to her separate estate, and was to be used for the benefit of such estate, and was to be paid back out of such estate.

Mrs. Mills answered by general denial and special pleas to the effect that at the time each of said notes was executed she was the wife of E. W. Mills, who died prior to the filing of this suit, and that this was known to plaintiff; that the original loan was made to the community estate of herself and husband; that none of said money was used, nor was it represented that it would be used, for the benefit of her separate property; that neither the obligation sued on, nor the original note, was such an obligation as she was authorized and empowered to make as a married woman under the laws of this state.

The trial resulted in a judgment for plaintiff for $11,048.60, together with interest from date thereof at the rate of 10 per cent. per annum.

A married woman did not have the general power to make contracts either at the time Mrs. Mills borrowed the money or at the time she executed the note sued on. At the time she borrowed the money she was expressly authorized by article 4624 (R. S. 1911) to contract debts for the benefit of her separate property; but at the time she executed the note sued on the statute had been amended so as to omit such grant of power, and if such power existed at that time it derived its existence by implication as an incident to her power of ownership. Red River National Bank v. Ferguson, 206 S. W. 923, opinion by Supreme Court, December 2, 1918.

[1] The only inquiry necessary to be made in this case is whether the original debt was contracted by Mrs. Mills for the benefit of her separate property, there being no contention that it was for necessaries for herself or children, if she had any children. It appears that Mrs. Mills, although a married woman, had been dealing in real estate on quite a large scale, independently of her husband, and was supposed to have been successful; that she borrowed the money for herself, and her husband joined in the note at the request of the appellee, but with the understanding that such act should not affect his line of credit with appellee; that "she said she had a transaction she was carrying on away from here then in which she needed the money, wanted the money for a short time only"; that she never did tell the president of appellee bank, with whom she negotiated for the loan, "specifically what she was going to do with the money"; the money, $7,000, was deposited to her credit, and she drew it out in two checks, one for $5,000, and one for $2,000. Mrs. Mills testified that she and her husband expected to speculate away from San Antonio with the money, and that it was part of $41,000 in cash of which she was robbed "out of Chicago." Appellee contends the court did not give credence to this statement, and was authorized to find that her separate property got the benefit of the $7,000. There is no evidence from which the court could find that the money was to be used to improve, benefit, or preserve any property then owned by Mrs. Mills, or that in fact she made such use thereof, if that fact could have the least bearing on the question of liability. The evidence merely shows that she obtained $7,000 of appellee's money. This is a suit on contract, and not one seeking to recover on the ground that the money was obtained by means of fraud, and the burden rests on appellee to show that the contract was one a married woman was authorized by law to make. It has been held that money obtained on a joint note of the husband and wife, secured by mortgage of her separate property, if intended to be her separate property and to be repaid by her out of her separate means, is her separate property, at least as between herself and her husband. Sparks v. Taylor, 99 Tex. 411, 90 S. W. 485, 6 L. R. A. (N. S.) 381. And there is good authority to the effect that such result can be accomplished, even though the debt is not secured by a mortgage of her separate property. Speer's Law of Marital Rights, §§ 321 and 371. It does not follow, however, that the contract by which she secured possession of the money would be one which she was authorized by law to make.

[2-4] The statute authorizing a married woman to bind herself by contract for expenses incurred for the benefit of her separate property conferred no authority to borrow money for investment purposes, any more than to make herself personally liable on contracts assuming the payment of purchase money due on property bought by her. Speer on Law of Marital Rights in Texas, §§ 157 and 172; Red River National Bank v. Ferguson, supra; Noel v. Clark, 25 Tex. Civ. App. 136, 60 S. W. 359; Billingsly v. Swenson Land Co., 58 Tex. Civ. App. 67, 123 S. W. 195; Blair v. Teel, 152 S. W. 878; Smith v. Wilson, 32 S. W. 434; Stroter v.

Brackenridge, 51 Tex. Civ. App. 170, 118 S. W. 632, Id., 102 Tex. 386, 118 S. W. 634. If she had bought property from appellee, and given her note for $7,000 in payment thereof, she would not have rendered herself personally liable on such note, and she is not personally liable on a note for money borrowed merely because she got the money, nor would it make any difference had it been shown that she bought property with the money.

The judgment is reversed, and judgment rendered in favor of appellant.

### On Motion for Rehearing.

Appellee assigns as error our failure to remand the cause for another trial, the contention being that a fraud was practiced by appellant in the procuring of the loan, and in support of this theory many facts not disclosed by the record are shown by affidavit attached to the motion.

[5, 6] This court is bound by the record as it appears in the transcript and statement of facts, and the extraneous matters shown in the affidavit attached to the motion cannot be considered. This is too well settled to require the citation of authorities. In addition, the facts set up, if they could be considered, have no bearing on the cause of action alleged in plaintiff's petition. That cause of action is simply a suit upon a promissory note, and no cause of action for fraud is attempted to be asserted. There is no issue of fact to be tried over as to the cause of action alleged in the petition. Our judgment in favor of appellant is based upon the fact that Mrs. Mills was a married woman at the time the original note was given and at the time the note sued on was given, and it is apparent from the evidence that the debt incurred by her and evidenced by the notes sued on was not incurred for any purpose such as would warrant a recovery against her under our statutes. The evidence has been fully developed on the issues made by the pleadings, and it became our duty under the statute, upon reversing the judgment, to render such judgment as the trial court should have rendered. The purpose for which the remanding of the cause for another trial is sought is to amend the pleadings by alleging matters relied on to show fraud on the part of appellant in the procurement of the money. If an amendment, sufficient to show fraud, should be filed, it would, of course, present a new cause of action. Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707; Railway v. Bracht, 157 S. W. 269.

[7] We recognize the rule that when a cause of action has been defectively or insufficiently pleaded, and exceptions thereto are sustained in the appellate court, it is proper to remand the cause in order to give an opportunity to amend, as such opportunity would have existed had the trial court sustained the exceptions; but no case can be found, we are confident, in which it has been held proper to remand a cause in order that a new cause of action may be pleaded. We have heretofore held that a case should not be remanded for such purpose. Bonzer v. Garrett, 162 S. W. 934. See, also, Gregory v. Montgomery, 23 Tex. Civ. App. 68, 56 S. W. 231; Michigan Loan Ass'n v. Atterbury, 16 Tex. Civ. App. 222, 42 S. W. 569; Floyd v. Bankers' Life Ass'n, 192 S. W. 611; Texas Hide & Wool Co. v. Edwards, 185 S. W. 887; Tillman v. Erp, 121 S. W. 547.

The motion is overruled.