### LADONIO–DENNIS–JONES et al. v. HOPE FERTILIZER CO.

No. 4040.

Court of Civil Appeals of Texas. Texarkana.
May 28, 1931.

Bartlett & Harvey, of Linden, for plaintiffs in error.

O'Neal & Harper, of Linden, for defendant in error.

LEVY, J. (after stating the case as above). ■■ The point presented for decision is that of the liability of a married woman for indebtedness incurred by her for the commercial fertilizer used in the cultivation of her farm, the separate property of the wife, to make the land fruitful and more abundant in production. She planted and raised a crop on the land. The appellant contends that she, being a married woman, was without legal authority to incur the indebtedness for the fertilizer because such indebtedness was not for the benefit of her separate property, but rather for the benefit of the community estate, since the crop for the production of which the fertilizer was used was community property. Under the statute as existing prior to 1913 the right of the wife to contract debts, other than necessaries for herself and children, was limited to expenses "for the benefit of her separate property." Article 4624, Rev. St. 1911. She was not given the exclusive management and control of her separate property. Numerous decisions have been rendered by the courts of the state determining under the former statute what expenses can be and what expenses cannot be regarded as expenses "for the benefit of her separate estate." For instance, Teel v. Blair, 60 Tex. Civ. App. 254, 128 S. W. 478, 479; Stroter v. Brackenridge, 102 Tex. 386, 118 S. W. 634; Taylor v. Thomas (Tex. Civ. App.) 145 S. W. 1061; and many other cases. But since 1913, under article 4614, as amended by Acts of 1929, c. 32 (Vernon's Ann. Civ. St. art. 4614), of the present statute, considerable enlargement has been made of the power of a married woman over her separate property and to incur expenses in relation to the use and control of her separate property. She is not now, as before, limited to expenses "for the benefit of her separate property." As expressly provided in article 4614: "The wife shall have the sole management, control and disposition of her separate property, both real and personal." There is thus plainly shown the legislative intention to remove any restriction, as before existing, upon the incidental rights of ownership, and to allow the entirety of the powers of use and management without restriction to the wife in virtue of her absolute ownership of the property. The very essence of ownership is the incidental rights of use and management. So that a married woman may now generally contract as may be necessary for or about the "management and control" of her separate estate whether entirely "for the benefit" of the same or not. The simple test is: Was the contract necessary for her about the management and control of "her separate property"? The right to control and manage a farm and to cultivate the same would become valueless if the owner were denied the power to make binding contract for fertilizers to be used to make the land more abundant in production that income and profit should be derived from it. It is not controlling of the exercise of such authority that the income or profit should be classed legally as community property. It is believed that the decisions below interpret the article as conferring the general power upon the wife to contract as may be necessary about or for the control and management of her separate property whether entirely for the benefit of the same or not. Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694; Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S. W. 808; Cauble v. Beaver-Electra Ref. Co., 115 Tex. 1, 274 S. W. 120; Teague v. Burk (Tex. Civ. App.) 3 S.W.(2d) 461. In the above cases it is evident that the contracts were for the benefit of the community estate and not of the wife's separate property. The crops grown upon the wife's land and the product of oil wells are concededly community property. The appellant's attorneys conceded, as should be stated, the proposition that if the power of contract should be held by the court as allowable generally as incidental to management of separate property and not limited to expenses entirely "for the benefit of her separate estate," then legal liability in the case for the debt has been established.

It is believed that the trial court has correctly applied the law in holding appellant liable for the debt sued for.

■ The appellee by proper cross-assignment seeks to have the foreclosure of the chattel mortgage given to secure payment of the note. The judgment should allow the foreclosure. Fort Worth State Bank v. Irving (Tex. Civ. App.) 241 S. W. 277; Collins v. Austin (Tex. Civ. App.) 32 S.W.(2d) 912.

The complaint of appellant as to attorney's fees should be, as conceded, granted, as it seems the attorney's fees were inadvertently placed in the decree spread upon the minutes; the trial court expressly finding there was no proof authorizing a recovery.

The judgment is reformed so as to deny recovery of attorney's fees and to allow foreclosure of the chattel mortgage, and as reformed will be in all things affirmed.